KEVIN G. McCURDY (SBN 115083)
MARY P. McCURDY (SBN 116812)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone:  (650) 618-3500
Facsimile:  (650) 618-3599

**FILED**

JUL 0 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Defendant
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

*Fee Paid*
*NP*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTEL CORPORATION, a Delaware
Corporation,

                    Plaintiff,

v.

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, a
Pennsylvania Corporation, and DOES 1
through 100, inclusive

                    Defendant.

**C 08 03238 PVT**

CASE NO.

**DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C.
SECTION 1332 [DIVERSITY
JURISDICTION]**

*McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500*

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

     PLEASE TAKE NOTICE that defendant The Insurance Company of the State of

Pennsylvania ("ICSOP") hereby removes to this Court the state action described below pursuant to

28 U.S.C § 1332, diversity jurisdiction:

     1.     ICSOP is a defendant in the civil action filed on or about July 1, 2008, in the

Superior Court of the State of California, County of Santa Clara, Case No. 1-08-CV-116396

entitled *Intel Corporation v. Insurance Company of the State of Pennsylvania.*  ICSOP has not

been formally served with the complaint.  This notice is timely.

     2.     The summons, complaint, civil case cover sheet, notice of related case, notice of

case management conference, and answer, constitute all of the papers, pleadings and orders filed in

the State court.  Copies of these documents are attached as Exhibit 1 and incorporated by reference

29181.doc                                          - 1 -

1 herein.

2      3.    This action is a civil action of which this Court has original jurisdiction under 28

3 U.S.C. § 1332, and is one that may be removed to this Court by ICSOP pursuant to the provisions

4 of 28 U.S.C. § 1441(a), in that it is a civil action, wherein the matter in controversy exceeds the

5 sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6      4.    At the time of the commencement of this action and at all times since, ICSOP is a

7 Pennsylvania corporation that maintains its principal place of business in New York.  ICSOP is

8 informed and believes that plaintiff Intel Corporation ("Intel") is a corporation organized and

9 existing under the laws of the State of Delaware with its principal place of business in Santa Clara,

10 California.

11      5.    The matter in controversy exceeds the sum or value of $75,000 exclusive of interest

12 and costs.  Specifically, the complaint alleges that ICSOP had an obligation to defend and/or

13 indemnify Intel Corporation as its alleged insured in the lawsuits entitled *Barbara's Sales, Inc., et*

14 *al. v. Intel Corporation, et al.*, Case No. 02-L-788, filed in the Circuit Court of Madison County,

15 Illinois and *Janet Skold, et al. v. Intel Corporation, et al.*, Case No. RG 04145635 initially filed in

16 the Superior Court of Alameda Count and now pending in the Superior Court of California,

17 County of Santa Clara (collectively the "underlying actions"), which allege that Intel, through its

18 marketing and advertising, caused damage to persons who bought or leased computers containing

19 Pentium® 4 processors.  Intel claims that ICSOP wrongfully denied coverage for the underlying

20 actions and seeks reimbursement from ICSOP for not less than $23 million.

21      6.    Accordingly, ICSOP requests removal of this action based on diversity jurisdiction.

22      7.    A notice of removal shall be filed contemporaneously in the Superior Court for the

23 County of Santa Clara, to which this matter was assigned.  A copy of the notice of removal to the

24 Clerk of Santa Clara County Superior Court and proof of service evidencing service upon Intel

25 Corporation counsel of record is attached as Exhibit 2.

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

29181.doc

- 2 -

1    Signed pursuant to Federal Rule of Civil Procedure, Rule 11.

2

3    Dated:  July 3, 2007                    McCURDY & FULLER LLP

4

5                                           By

6                                           for KEVIN G. McCURDY
                                            Attorneys for Defendant
7                                           THE INSURANCE COMPANY OF THE
                                            STATE OF PENNSYLVANIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

29181.doc                            - 3 -

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a
Pennsylvania corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
INTEL CORPORATION, a Delaware corporation

FOR COURT USE ONLY
*SOLO PARA USO DE LA CORTE*

# E-FILED
Jul 1, 2008 4:07 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-08-CV-116396 Filing #G-9502
By G. Duarte, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso:)*<br>1-08-CV-116396 |
|---|---|

SUPERIOR COURT OF STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lester O. Brown (SBN 160828)    Tel:  213-892-1800    Fax:  213-892-2300
Fiona A. Chaney (SBN 227725)
HOWREY LLP
550 South Hope Street, Suite 1100, Los Angeles, CA 90071

| DATE: July 1, 2008<br>*(Fecha)* | Clerk, by _____, Deputy |
|---|---|
| | *(Secretario)*                    *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1 | Lester O. Brown (SBN 160828)
Fiona A. Chaney (SBN 227725)
2 | HOWREY LLP
550 South Hope Street, Suite 1100
3 | Los Angeles, California 90071
Telephone: (213) 892-1800
4 | Facsimile: (213) 892-2300

5 | Attorneys for Plaintiff Intel Corporation

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SANTA CLARA

10 | COMPLEX DIVISION

11 | Intel Corporation, a Delaware corporation,　　) Case No. 1-08-CV-116396

12 | 　　　　Plaintiff,　　　　　　　　　　　　) **INTEL CORPORATION'S COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　) **FOR: DECLARATORY RELIEF;**
13 | 　　vs.　　　　　　　　　　　　　　　　　) **BREACH OF CONTRACT**

14 | The Insurance Company of the State of　　　　) **DEMAND FOR JURY TRIAL**
Pennsylvania, a Pennsylvania corporation;　　)
15 | and DOES 1 through 100, inclusive,　　　　　)

16 | 　　　　Defendant.　　　　　　　　　　　　)

17

18 | 　　　Plaintiff, Intel Corporation ("Intel") complains of defendants, The Insurance Company

19 | of the State of Pennsylvania ("ICSOP"); and DOES 1 through 100 (collectively "Defendants"),

20 | and each of them, and alleges:

21 | ### THE NATURE OF THE ACTION

22 | 　　　1.　　　This is a complaint for declaratory relief, and for damages arising from ICSOP's

23 | refusal to defend and/or indemnify Intel against two lawsuits that constitute covered claims

24 | under the follow form excess liability insurance policy issued by ICSOP. The lawsuits,

25 | entitled *Barbara's Sales, Inc., et al. v. Intel Corporation*, et al, Case No. 02-L-788, filed in the

26 | Circuit Court of Madison County, Illinois ("*Barbara's Sales* Action") and *Janet Skold, et al. v.*

27 | *Intel Corporation, et al*, Case No. RG 04145635 initially filed in the Superior Court of

28

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1  California, County of Alameda and now pending in the Superior Court of California, County of

2  Santa Clara ("*Skold* Action") (collectively "the Underlying Litigation") allege that Intel,

3  through its marketing and advertising, caused damage to persons who bought or leased

4  computers containing certain Pentium® 4 processors.  The allegations trigger the "Advertising

5  Liability" coverage of the insurance policies issued by the Defendants to Intel.

6      2.      Intel tendered the Underlying Litigation to the Defendants in accordance with the

7  subject policy's requirements for coverage.  In response, the Defendants repudiated their policy

8  obligations by denying coverage.

9      3.      Intel brings this complaint for declaratory relief and breach of contract requesting

10  that the Court declare and enforce Intel's rights to defense and indemnity coverage for the

11  Underlying Litigation under the "Advertising Liability" provision of the comprehensive excess

12  liability insurance policy issued to Intel by ICSOP, which follows form to the Commercial

13  Umbrella Policy issued by XL Insurance America, Inc. ("XL").  Without the assistance of the

14  Defendants, Intel has been defending itself against the Underlying Litigation.

15                          **THE PARTIES**

16      4.      Plaintiff INTEL CORPORATION is a Delaware corporation with its principal

17  place of business in Santa Clara, California.  Intel is licensed to transact business, and is

18  transacting business in the State of California.

19      5.      Intel is informed and believes and on that basis alleges that Defendant THE

20  INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, is and at all times

21  material hereto was, an insurance company incorporated in the state of Pennsylvania, with its

22  principal place of business in New York.  ICSOP conducts substantial business in the state of

23  California.

24      6.      Intel is ignorant of the true names and capacities of the parties sued herein under

25  the fictitious names Does 1 through 100.  Intel is informed and believes, and based thereon

26  alleges, that said defendants are responsible in some manner for the wrongful conduct

27  complained of, and for the damages ensuing there from.  Intel will seek leave of court to

28

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1    amend this complaint to allege the true names and capacities of said defendants when the same

2    are ascertained.

3                             **THE INSURANCE POLICIES**

4       7.      XL issued Commercial Umbrella Policy No. HFL 004-27-84-98 (the "XL 00-01

5    Policy") which provides $10 million of coverage, per annual period, in excess of a retention for

6    each occurrence resulting in Ultimate Net Loss to Intel, as defined in the XL 00-01 Policy,

7    during the policy period of April 1, 1998 to April 1, 2001.  A true and correct copy of the XL

8    00-01 Policy is attached hereto as Exhibit A and incorporated herein by reference.

9       8.      Under the the XL 00-01 Policy, XL agreed to:

10            [D]efend any suit against the Insured alleging such injury or

11            destruction and seeking damages on account thereof, even if such

12            suit is groundless, false or fraudulent, and to pay all Allocated

13            Claims Expenses . . . .

14    XL 00-01 Policy, at II.

15       9.      The XL 00-01 Policy covers liability on account of "Advertising Liability"

16    which is defined to include:

17            Injury arising out of offenses such as, but not limited to, libel,

18            slander, defamation, infringement of copyright, title (including

19            trademark) or slogan, piracy, unfair competition, idea

20            misappropriation (including trade secrets), breach of confidential

21            information, electronic mail intercepts, misappropriation of the

22            style of doing business (including website/homepage design), or

23            invasion of rights of privacy committed, or alleged to have been

24            committed, in any software, advertisement, promotion, publicity

25            article, broadcast, or telecast.

26    XL 00-01 Policy, at III (E).

27

28

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1    10.    Once the retention beneath the XL 00-01 Policy is exhausted through defense

2    costs, or indemnity payments, or both, XL promptly must pay all defense and indemnity costs

3    and expenses incurred by Intel up to its $10 million policy limit.

4    11.    ICSOP issued Follow Form Excess Liability Policy No. 4798-2252 (the "ICSOP

5    Policy") which provides $25 million of coverage, in the aggregate, in excess of the XL 00-01

6    Policy for each occurrence resulting in Ultimate Net Loss to Intel, as defined in the XL 00-01

7    Policy and Endorsement 8 of the ICSOP Policy, during the policy period of April 1, 1998 to

8    April 1, 2001.  A true and correct copy of the ICSOP Policy is attached hereto as Exhibit B and

9    incorporated herein by reference.

10    12.    Under the ICSOP Policy, ICSOP agreed to:

11    afford [Intel] such additional insurance as the issuers of the

12    Underlying Coverage specified in the scheduled would afford

13    [Intel] by increasing the underlying limit combined . . . .

14    Insuring Agreement, ¶ 2, ICSOP Policy.

15    13.    Once the retention beneath the XL 00-01 Policy is exhausted through defense

16    costs, or indemnity payments, or both, and XL has paid its full $10 million limit to Intel,

17    ICSOP then promptly must pay all defense and indemnity costs and expenses incurred by Intel

18    up to its $25 million policy limit.

19    **THE UNDERLYING LITIGATION**

20    14.    In June 2002, several plaintiffs filed the *Barbara's Sales* Action, a putative

21    nationwide class action against Intel, Hewlett-Packard and Gateway in Madison County,

22    Illinois entitled *Barbara's Sales, Inc., et al v. Intel Corporation, et al*, Case No. 02-L-788 ("the

23    *Barbara's Sales* Action").  The gravamen of the complaint alleged, among other things, that

24    during the third annual term of the three-year XL 00-01 Policy and the ICSOP Policy, Intel

25    engaged in false, misleading and unfair conduct through its marketing and advertising of

26    certain Pentium® 4 processors.  For example, the Third Amended Complaint in the *Barbara's*

27    *Sales* Action alleged: "Intel has conditioned the consumer, *through its marketing and naming*

28

HOWREY LLP

DM_US-21315942.1

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1    *practices*, to believe that each generation of its high-performance processors is superior in

2    speed and performance to the previous generation." *Barbara's Sales* Third Amended

3    Complaint, ¶ 62.  The plaintiffs in the *Barbara's Sales* Action also alleged that:

4           In the marketing of its Pentium 4 Processors, Intel has engaged in

5           ***unfair competition*** . . . by making other statements that either

6           expressly ***or implicitly*** represent to Plaintiffs, Class Members and

7           the general public that the "Willamette" Pentium 4 processor is or

8           was Intel's highest performance processor.

9    *Id.*, ¶ 148 (emphasis added).

10           15.    The *Barbara's Sales* Action sought damages against Intel under the California

11   Consumers Legal Remedies Act (Cal. Civil Code § 1750 *et seq.*) and the Illinois Consumer

12   Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*), as well as remedies

13   under the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 *et seq.*).

14           16.    On November 29, 2007, the Illinois Supreme Court issued its opinion in the

15   *Barbara's Sales* Action, concluding that Illinois law, not California law, applied to the lawsuit.

16   It then held that class certification was improper because the plaintiffs' generalized claims that

17   "Intel conditioned the market to believe that each generation of the 'Pentium' processor would

18   be better than the last and that the Pentium 4 was 'the best,' as it was the latest generation

19   processor" and that there was an "implicit representation inherent in the name Pentium 4

20   [which was] mere puffery," and were not actionable under the Illinois Consumer Fraud Act.

21   *Barbara's Sales v. Intel*, 227 Ill. 2d 45 (2007).  On March 20, 2008, the *Barbara's Sales*

22   Action was dismissed with prejudice.

23           17.    In March 2004, Janet Skold, on behalf of herself and others similarly situated and

24   the general public, filed the *Skold* Action, a putative class action lawsuit against Intel and

25   Hewlett-Packard in the Superior Court of California, County of Alameda (and later transferred

26   to Santa Clara County entitled *Janet Skold, et al v. Intel Corporation, et al*, Case No. RG

27   04145635 (the "*Skold* Action").  The *Skold* complaint contains allegations that are similar, but

28

1   not as detailed as, the *Barbara's Sales* Action.  The *Skold* plaintiffs also allege that Intel

2   engaged in false, misleading and unfair conduct through its marketing and advertising of

3   certain Pentium® 4 processors.  In August 2006, the *Skold* plaintiffs specifically added a

4   damages claim to the action.  The *Skold* Action seeks damages against Intel under the

5   Consumer Legal Remedies Act (Cal. Civil Code § 1750 *et seq.*), as well as relief under the

6   Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200) and the False Advertising Act

7   (Cal. Bus. & Prof. Code § 17500).

8       18.     On March 27, 2008, the Honorable Jack Komar denied the *Skold* plaintiffs'

9   motion for nationwide class certification.  However, the Court allowed the *Skold* plaintiffs to

10  file a renewed motion for class certification with a hearing on that  new motion scheduled for

11  July 25, 2008.

12      19.     The allegations in the Underlying Litigation of injury as a result of Intel's

13  advertising and marketing of certain of its Pentium® 4 processors fall within the "Advertising

14  Liability" coverage of the XL Policies, which include injury arising out of advertisements,

15  promotion, publicity, articles, broadcasts and telecasts.  Because the ICSOP Policy "follows

16  form" to the XL 00-01 Policy, the allegations also fall within the "Advertising Liability"

17  coverage afforded by the ICSOP Policy.

18      20.     On or about February 7, 2008, the Honorable Jack Komar, in interpreting the XL

19  00-01 Policy as part of the lawsuit entitled *Intel Corporation v. XL Insurance America, Inc.*,

20  Superior Court of California for the County of Santa Clara, Case No. 1-06-CV-061620, found

21  that "XL [had] failed to establish that Intel [had] not potentially covered liability in the

22  Underlying Litigation and therefore there is a duty to defend."  February 7, 2008, Order After

23  Hearing at 8:13-14.

24      **THE DEFENDANTS REPUDIATED THEIR POLICY OBLIGATIONS**

25      21.     In April 2004, Intel tendered the claims from the Underlying Litigation to

26  ICSOP, thereby requiring ICSOP to agree to provide a defense and to promptly pay all

27  reasonable defense costs and expenses incurred by Intel once XL's coverage was exhausted.

28

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1    22.    Despite the clear potential of covered liability presented by the Underlying

2    Litigation, ICSOP denied coverage for the Underlying Litigation on February 17, 2006 on the

3    grounds that the underlying XL 00-01 Policy and retention had not been exhausted.  Moreover,

4    ICSOP advised Intel that it agreed with XL's September 2, 2004 coverage position that none of

5    the claims asserted in the *Barbara's Sales* Action and the *Skold* Action met any of the defined

6    activities under the Advertising Liability definition in either of the XL Policies, and/or the

7    claims were barred by exclusions contained in the XL Policies.  On June 10, 2008, ICSOP was

8    advised that the XL 00-01 Policy was exhausted and was asked to change its coverage position.

9    However, to date, ICSOP neither has changed its coverage position nor paid any defense costs

10   or expenses incurred by Intel in the Underlying Litigation.

11                              **FIRST CAUSE OF ACTION**

12                          **Declaratory Relief Against ICSOP**

13                      **With Regard To The *Barbara's Sales* Action**

14   23.    Intel re-alleges and incorporates paragraphs 1 through 22 above as though set

15   forth fully herein and alleges against defendant ICSOP as follows:

16   24.    The insuring provisions of the ICSOP Policy obligates ICSOP to pay the defense

17   costs and expenses incurred by Intel, in excess of its retention and once the XL 00-01 Policy is

18   exhausted, in defending against the *Barbara's Sales* Action.  No exclusions or any other terms

19   or conditions in the ICSOP Policy bar or preclude ICSOP's duty to pay Intel's defense costs

20   and expenses incurred defending against the *Barbara's Sales* Action.

21   25.    Intel has at all times relevant to the ICSOP Policy performed all of the

22   obligations required of it under the ICSOP Policy, except as excused.  All conditions precedent

23   to performance by ICSOP pursuant to the terms of the ICSOP Policy have been met, are

24   excused or otherwise have been prevented by ICSOP from occurring.

25   26.    Intel is entitled to have the ICSOP Policy interpreted in a reasonable manner

26   that maximizes its insurance coverage.

27

28

**HOWREY LLP**

-7-
COMPLAINT AND DEMAND FOR JURY TRIAL

DM_US:21315943_1

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1      27.     Intel is informed and believes and thereon alleges that ICSOP disputes the

2 contentions as set forth above. Therefore, an actual and justiciable controversy exists between

3 ICSOP and Intel concerning the matters alleged.

4      28.     Intel therefore seeks a judicial declaration that it has a right to reimbursement

5 and payment of defense costs under the ICSOP Policy, confirming Intel's contentions as stated

6 above. A declaration is necessary at this time in order that the parties' dispute may be resolved

7 and that the parties may be aware of their respective rights and duties.

8 **SECOND CAUSE OF ACTION**

9 **Breach of Contract – Duty to Defend Against ICSOP Under the ICSOP Policy**

10 **With Regard to the *Barbara's Sales* Action**

11      29.     Intel re-alleges and incorporates paragraphs 1 through 28 above as though set

12 forth fully herein and alleges against defendant ICSOP as follows:

13      30.     ICSOP has breached its duties under the ICSOP Policy by repudiating and

14 otherwise denying its obligation to provide coverage for loss arising out of the *Barbara's Sales*

15 Action.

16      31.     As a direct and proximate result of ICSOP's material breaches of contract, Intel

17 has been deprived of the benefits of the ICSOP Policy and has suffered general and

18 consequential damages including but not limited to the following:

19         a.  Intel has incurred attorneys' fees, expenses and costs in defending itself against

20             the *Barbara's Sales* Action;

21         b.  Intel has incurred and will continue to incur attorneys' fees, expenses and costs

22             in seeking the benefits of its insurance contracts.

23      32.     The full scope of damages cannot be determined at this time, but it is clearly in

24 excess of the jurisdictional threshold of this Court.

25

26

27

28

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

**THIRD CAUSE OF ACTION**

**Declaratory Relief Against ICSOP Under the ICSOP Policy**

**With Regard to the *Skold* Action**

33.     Intel re-alleges and incorporates paragraphs 1 through 32 above as though set forth fully herein and alleges against defendant ICSOP as follows:

34.     The insuring provisions of the ICSOP Policy obligate ICSOP to pay the defense costs and expenses incurred by Intel, in excess of its retention and once the XL 00-01 Policy is exhausted, in defending against the *Skold* Action. No exclusions or any other terms or conditions in the ICSOP Policy bar or preclude ICSOP's duty to pay Intel's defense costs and expenses incurred defending against the *Skold* Action.

35.     Intel has at all times relevant to the ICSOP Policy performed all of the obligations required of it under the ICSOP Policy, except as excused.  All conditions precedent to performance by ICSOP pursuant to the terms of the ICSOP Policy have been met, are excused or otherwise have been prevented by ICSOP from occurring.

36.     Intel is entitled to have the ICSOP Policy interpreted in a reasonable manner that maximizes its insurance coverage.

37.     Intel is informed and believes and thereon alleges that ICSOP disputes the contentions as set forth above.  Therefore, an actual and justiciable controversy exists between ICSOP and Intel concerning the matters alleged.

38.     Intel therefore seeks a judicial declaration that it has a right to reimbursement and payment of defense costs under the ICSOP Policy, confirming Intel's contentions as stated above.  A declaration is necessary at this time in order that the parties' dispute may be resolved and that the parties may be aware of their respective rights and duties.

///

///

///

////

HOWREY LLP

COMPLAINT AND DEMAND FOR JURY TRIAL

DM_US:21315943_1

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

**FOURTH CAUSE OF ACTION**

**Breach of Contract – Duty to Defend Against ICSOP Under the ICSOP Policy**

**With Regard to the *Skold* Action**

39.     Intel re-alleges and incorporates paragraphs 1 through 38 above as though set forth fully herein and alleges against defendant ICSOP as follows:

40.     ICSOP has breached its duties under the ICSOP Policy by repudiating and otherwise denying its obligation to provide coverage for loss arising out of the *Skold* Action.

41.     As a direct and proximate result of ICSOP's material breaches of contract, Intel has been deprived of the benefits of the ICSOP Policy and has suffered general and consequential damages including but not limited to the following:

    a.  Intel has incurred and continues to incur attorneys' fees, expenses and costs in defending itself against the *Skold* Action;

    b.  Intel has incurred and will continue to incur attorneys' fees, expenses and costs in seeking the benefits of its insurance contracts.

42.     The full scope of damages cannot be determined at this time, but it is clearly in excess of the jurisdictional threshold of this Court.

**FIFTH CAUSE OF ACTION**

**Breach of Contract – Duty to Indemnify Against ICSOP Under the ICSOP Policy**

**With Regard to the *Skold* Action**

43.     Intel re-alleges and incorporates paragraphs 1 through 42 above as though set forth fully herein and alleges against defendant ICSOP as follows:

44.     ICSOP breached the ICSOP Policy by failing to fulfill and/or refusing to acknowledge its obligations to fully indemnify Intel, without reservation, in connection with the *Skold* Action alleging Advertising Liability claims against Intel to which the ICSOP Policy applies.

45.     As a direct and proximate result of the acts and omissions of ICSOP as alleged hereinabove, Intel has sustained and continues to sustain substantial damages in an exact

COMPLAINT AND DEMAND FOR JURY TRIAL

DM_US:21315943_1

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1  amount not yet ascertained, but at least in excess of the jurisdictional minimum of this Court.

2  Intel reserves the right to conform its claim for damages consistent with proof at trial.

3  **PRAYER**

4       WHEREFORE, plaintiff Intel prays for judgment as follows:

5  <u>On The First Cause of Action:</u>

6       1.    For a declaration the Intel's contentions as set forth above are correct, including

7  without limitation that the Underlying Litigation is covered under the ICSOP Policy;

8  <u>On The Second Cause of Action:</u>

9       2.    For damages according to proof at the time of trial, but no less than $23 million,

10  plus interest;

11      3.    For its reasonable attorneys' fees incurred in its efforts to obtain the benefits due

12  under the ICSOP Policy;

13  <u>On The Third Cause of Action:</u>

14      4.    For a declaration the Intel's contentions as set forth above are correct, including

15  without limitation that the Underlying Litigation is covered under the ICSOP Policy;

16  <u>On The Fourth Cause of Action:</u>

17      5.    For damages according to proof at the time of trial, but no less than $23 million,

18  plus interest;

19      6.    For its reasonable attorneys' fees and costs incurred in its efforts to obtain the

20  benefits due under the ICSOP Policy;

21  <u>On The Fifth Cause of Action:</u>

22      7.    For damages according to proof at the time of trial, but no less than $23 million,

23  plus interest;

24  ///

25  ///

26  ///

27  ////

28

HOWREY LLP
COMPLAINT AND DEMAND FOR JURY TRIAL

DM_US:21315943_1

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1   <u>On All Causes of Action:</u>

2       8.      For its costs of suit incurred herein; and

3       9.      For such other and further relief as may be deemed just and proper.

4

5   Dated:  July 1, 2008                            HOWREY LLP

6

7                                                   By:

8                                                       Lester O. Brown
                                                        Attorneys for Plaintiff
9                                                       Intel Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
COMPLAINT AND DEMAND FOR JURY TRIAL

DM_US:21315943_1

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

## DEMAND FOR JURY TRIAL

Plaintiff Intel respectfully requests that a jury hear all issues properly submitted to a jury.

Dated:  July 1, 2008                          HOWREY LLP


                                              By:
                                                  Lester O. Brown
                                                  Attorneys for Plaintiff
                                                  Intel Corporation

# EXHIBIT A

# Commercial Umbrella Policy

**Declarations**                                 **Policy Number:** HFL 004-27-84-98

Date issued: 5/8/98                              Renewal or replacement of:  HFL 004-27-84-97

| Item | |
|---|---|
| **1.** | **Named Insured & Address:** |
| | Intel Corporation (and as per Endt. #3) |
| | 2200 Mission College Blvd. |
| | P. O. Box 58119, Stop SC4-212 |
| | Santa Clara, CA  95052-8119 |

**2.**   **Policy Period:**   Policy covers from  4/1/98 to 4/1/2001  12:01 A.M. Standard Time at the Named Insured's address stated above.

**3.**   **Coverage is provided by:**   Winterthur International America Insurance Company

    **Representative:**   Ms. Angela Bacon

    Agent or Broker:   Sedgwick James of CA, Inc.
    Office Address:   P. O. Box 7601
    Town, State & Zip:   San Francisco, CA  94120-7601

**4.**   **Limits of Insurance - as in Insuring Agreement VI** (The Limits of Insurance are the amounts shown below:)

| | | |
|---|---|---|
| **(A)** | Each Occurrence Limit | $ 10,000,000 |
| **(B)** | General Aggregate Limit | $ N/A |
| | (Other than Products/Completed Operations) | |
| **(C)** | Products/Completed Operations Aggregate Limit | $ N/A |
| **(D)** | Combined Aggregate Limit | $ 10,000,000 |
| **(E)** | Self-Insured Retention | $ 5,000,000 |
| | Aggregate | $ 5,000,000 |

**5.**   **Policy Jacket, Forms and Endorsements attached to this policy at inception:**

    Manuscript Policy Form, Schedule of Underlying Insurance and Endorsements #1, #2 and #3

**6.**   **Premium is payable:**

    $ 310,250.00   Annual Minimum Premium

Countersigned by _____
                                        Authorized Representative

These Declarations, together with the Commercial Policy and Endorsements, if any, are issued as part of and in the completion of the above numbered policy.

# Schedule A - Schedule of Underlying Insurance

**Policy Number:**    HFL 004-27-84-98

| Type of Policy | Applicable Limits | | Insurer | Policy Number Policy Period |
|---|---|---|---|---|

**(A) Automobile Liability**

Policy Type and Symbol

Bodily Injury and Property Damage
Combined Single Limit

X   Bus. Auto
___   Garage
___   Truckers

| | $  5,000,000  Each Accident | Cigna | SCAH0695792-4 |
| | $  5,000,000  Aggregate | Insurance Co. | 4/1/98 - 99 |

**(B) General Liability**

Bodily Injury and Property Damage
Combined Single Limit

| | $     5,000,000    Each Occurrence | Indemnity Ins. Co. | CGOG1807212 |
| | $     5,000,000    Aggregate When Applicable | of N. America | 4/1/98 - 99 |

**(C) Employers Liability**

Coverage B - Employers Liability
Bodily Injury by Accident
$  1,000,000    Each Accident
Bodily Injury By Disease
$  1,000,000    Policy Limit
Bodily Injury By Disease
$  1,000,000    Each Employee

Wausau        23180005671
              7/1/97 - 98

**(D) Foreign DIC**

$     5,000,000    Each Occurrence Limit

$     5,000,000    Aggregate

Ins. Co. of the        0800263337
State of PA

*[handwritten] Enf#13 E+O coverage (worldwide) $10m exch-cc //10 M agg. retention - no primary cov.*



*General Casualty*                    *Commercial Lines*

# Policyholder Notice
# Name Change

*This notice is to inform you of a name change for Vanguard Insurance Company, the company that provides your property and casualty insurance coverage. Effective January 1, 1998, the company's name will become Winterthur International America Insurance Company.*

*The new name shows our relationship to our parent company, Winterthur Swiss Insurance Company. The Winterthur group can provide worldwide insurance and financial services.*

*The new name does not reflect any change in the company's ownership or affect your insurance coverage in any way. What it means for you is that you will start seeing Winterthur International America Insurance Company instead of Vanguard Insurance Company on policyholder documents related to your insurance policy. During this transition, you may from time to time still see the Vanguard name on various forms until all old forms can be replaced.*

*Enclosed is an endorsement document showing Winterthur International America Insurance Company name. You should attach the endorsement to your insurance policy.*

*We appreciate the confidence you have placed in Winterthur International America Insurance Company, and we look forward to serving you and continuing to meet your insurance needs in the future. If you have any questions regarding your policy of insurance with us, please call us at (214) 559-1548.*

*Winterthur International America Insurance Company*

General Casualty Company of Wisconsin        Hoosier Insurance Company        A Member of the
General Casualty Company of Illinois          Regent Insurance Company         "Winterthur" Swiss Insurance Group



**winterthur**
**I N T E R N A T I O N A L**

# Our Commitment

Ordinarily, policyholders and brokers are not made aware of a company's underwriting and claims services until a problem arises or a loss occurs. At Winterthur International, we believe that these services represent an essential component of our Insuring Agreement. On that basis, we would like to explain why our services are a significant part of the Winterthur International difference.

The cornerstones of our Service Commitment are:

- A dedicated key account executive/underwriting/claims examiner team fully devoted to your account and always ready to be of service. Your team:

    **Key Account Executive:** _____ George R. Keller _____

    **Direct Dial Number:** _____ (214) 559-1457 _____

    **Fax Number:** _____ (214) 559-1321 _____


    **Underwriter:** _____ Chris Holborn _____

    **Direct Dial Number:** _____ (214) 559-1047 _____

    **Fax Number:** _____ (214) 559-1321 _____


    **Assistant Underwriter:** _____ Donna Richardson _____

    **Direct Dial Number:** _____ (214) 559-5803 _____

    **Fax Number:** _____ (214) 559-1321 _____


    **Claims Examiner:** _____ Phil Oglesby _____

    **Direct Dial Number:** _____ (214) 559-1574 _____

    **Fax Number:** _____ (214) 559-1321 _____


    **Engineering Contact:** _____

    **Direct Dial Number:** _____

    **Fax Number:** _____

- Communication response:

    - Phone calls returned within 24 hours
    - Written correspondence acknowledged within three working days

- Contact with the insured within 24 hours of claim notification

- Claims payment within 48 hours of receipt of the settlement documents

Another hallmark of our service is the accessibility, responsiveness and professionalism of our staff. We would like to know your wishes as to modifications or additions to these service commitments. We look forward to serving you.

HF 105 (03-98)

Intel: Manuscript Policy
March 20, 1998

# INTEL CORPORATION

## 1998 - 1999

## COMMERCIAL COMPREHENSIVE CATASTROPHE
## LIABILITY DRAFT POLICY

IN CONSIDERATION OF THE PAYMENT OF PREMIUM AND IN RELIANCE UPON THE STATEMENTS IN THE DECLARATIONS AND SUBJECT TO THE LIMIT OF LIABILITY, EXCLUSIONS, CONDITIONS, AND OTHER TERMS OF THIS POLICY, THE COMPANY NAMED IN THE DECLARATIONS ( AGREES WITH THE **FIRST NAMED INSURED** TO PROVIDE COVERAGE AS FOLLOWS:

### INSURING AGREEMENTS

I.     **COVERAGE**

THE COMPANY AGREES TO PAY ON BEHALF OF THE **INSURED** THE **ULTIMATE NET LOSS** IN EXCESS OF THE RETAINED LIMIT HEREINAFTER STATED, WHICH THE **INSURED** MAY SUSTAIN BY REASON OF THE LIABILITY IMPOSED UPON THE **INSURED** BY LAW, OR ASSUMED BY THE **INSURED** UNDER CONTRACT, FOR:

    (A)     **BODILY INJURY ,**
    (B)     **PERSONAL INJURY ,**
    (C)     **PROPERTY DAMAGE ,**
    (D)     **ADVERTISING LIABILITY,**
    (E)     **PROFESSIONAL LIABILITY, OR**
    (F)     **SOFTWARE PRODUCTS LIABILITY.**

WHICH OCCURS DURING THE POLICY PERIOD AND ARISES OUT OF AN **OCCURRENCE.**

IN ANY JURISDICTION WHERE, BY REASON OF LAW OR STATUTE, THIS POLICY IS INVALID AS A "PAY ON BEHALF" OF CONTRACT, THE COMPANY AGREES TO INDEMNIFY THE **INSURED** FOR **ULTIMATE NET LOSS** IN EXCESS OF THE RETAINED LIMIT.

Intel: Manuscript Policy
March 20, 1998

## II.    DEFENSE SETTLEMENT

WITH RESPECT TO ANY **OCCURRENCE** COVERED BY THE TERMS AND CONDITIONS OF THIS POLICY, AND WHERE THE **INSURED'S** APPLICABLE RETAINED LIMIT HAS BEEN EXHAUSTED, AND SUBJECT TO CONDITION D OF THIS POLICY, THE COMPANY SHALL DEFEND ANY SUIT AGAINST THE **INSURED** ALLEGING SUCH INJURY OR DESTRUCTION AND SEEKING DAMAGES ON ACCOUNT THEREOF, EVEN IF SUCH SUIT IS GROUNDLESS, FALSE, OR FRAUDULENT, AND TO PAY ALL **ALLOCATED CLAIMS EXPENSES** ; BUT THE COMPANY MAY MAKE SUCH INVESTIGATION, NEGOTIATION, AND SETTLEMENT OF ANY CLAIM OR SUIT AS IT DEEMS EXPEDIENT.  THE COMPANY'S DUTY TO DEFEND WILL END WHEN THE COMPANY HAS USED UP THE APPLICABLE LIMIT OF LIABILITY IN THE PAYMENT OF **ULTIMATE NET LOSS**.

IN JURISDICTIONS WHERE THE COMPANY MAY BE PREVENTED BY LAW OR OTHERWISE FROM CARRYING OUT THIS AGREEMENT, THE COMPANY SHALL PAY ANY EXPENSE INCURRED BY ANY **INSURED** WITH ITS WRITTEN CONSENT IN ACCORDANCE WITH THIS AGREEMENT.

## III.    DEFINITIONS

### (A)    NAMED INSURED AND INSURED

**NAMED INSURED** MEANS THE PERSON OR ORGANIZATION NAMED IN ITEM 1 OF THE DECLARATIONS OF THIS POLICY, AND:

(1)    ANY SUBSIDIARY COMPANY (INCLUDING SUBSIDIARIES THEREOF) OF THE **NAMED INSURED**; AND ANY OTHER COMPANY OR JOINT VENTURE,   AS DEFINED IN SUBPARAGRAPH (4), BELOW BUT ONLY TO THE EXTENT DESCRIBED IN SUBPARAGRAPH (4) BELOW

   (A)    EXISTING AT THE INCEPTION DATE OF THIS POLICY, OR

   (B)    CREATED OR ACQUIRED SUBSEQUENT THEREOF AS TO ANY **OCCURRENCE** HAPPENING ON OR AFTER THE DATE OF SUCH CREATION OR ACQUISITION OR ANY OTHER DATE AS MAY BE AGREED IN WRITING BETWEEN THE **FIRST NAMED INSURED** AND THE COMPANY ;

Intel: Manuscript Policy
March 20, 1998

(2)    IF THE **NAMED INSURED** IS AN INDIVIDUAL, THEIR SPOUSE, IF A RESIDENT OF THE SAME HOUSEHOLD, BUT THIS POLICY SHALL ONLY APPLY TO THE CONDUCT OF A BUSINESS OR BUSINESS PROPERTIES OF WHICH THE **NAMED INSURED** IS THE SOLE PROPRIETOR, OR TO THE OWNERSHIP, MAINTENANCE, OR USE OF AN AUTOMOBILE;

(3)    IF THE **NAMED INSURED** IS DESIGNATED IN THE DECLARATIONS AS A PARTNERSHIP OR JOINT VENTURE, THE PARTNERSHIP OR JOINT VENTURE SO DESIGNATED AND ANY PARTNER OR MEMBER THEREOF, BUT ONLY WITH RESPECT TO THEIR LIABILITY AS SUCH;

(4)    IRRESPECTIVE OF WHETHER THE **NAMED INSURED** DESIGNATED IN THE DECLARATIONS IS A JOINT VENTURE, PARTNERSHIP OR ANY OTHER ORGANIZATION, THE INTEREST OF THE **NAMED INSURED** IN THE OPERATIONS OR THE EXISTENCE OF ANY JOINT VENTURE, CO-VENTURE, JOINT LEASE, JOINT OPERATION AGREEMENT, LIMITED LIABILITY COMPANY OR PARTNERSHIP (HEREINAFTER CALLED "JOINT VENTURE"):

    (a)    THE LIABILITY OF THE COMPANY UNDER THIS POLICY SHALL BE LIMITED TO THE **NAMED INSURED'S** LIABILITY ARISING OUT OF SUCH JOINT VENTURE, AND THE TOTAL LIMIT OF LIABILITY INSURANCE AFFORDED SUCH **NAMED INSURED** BY THIS POLICY SHALL BE AVAILABLE WITH RESPECT THERETO. THE **NAMED INSURED'S** LIABILITY ARISING OUT OF A JOINT VENTURE SHALL BE DETERMINED BY THE PRODUCT OF (A) THE PERCENTAGE OF THE INTEREST OF THE **NAMED INSURED** IN SUCH LIABILITY IN SUCH JOINT VENTURE, AND (B) THE TOTAL LEGAL LIABILITY OF THE JOINT VENTURE TO THE CLAIMANT. SUCH PERCENTAGE SHALL BE INCREASED BY THE INSOLVENCY OF OTHERS OR BY ANY GREATER LIABILITY IMPOSED UPON SUCH **NAMED INSURED** INTERESTED IN SUCH JOINT VENTURE, .

**(b)**    NOTWITHSTANDING THE PROVISIONS OF (A)(4)(a) ABOVE, IF THE **NAMED INSURED** HAS SOLE RESPONSIBILITY FOR THE MANAGEMENT OR OPERATION OF THE JOINT VENTURE, THEN THIS POLICY SHALL COVER THE JOINT VENTURE IN THE SAME MANNER AS THE **NAMED INSURED** IS COVERED HEREUNDER.

**(c)**    NOTWITHSTANDING THE PROVISIONS OF (A)(4)(a) ABOVE, IF THE **NAMED INSURED** IS OBLIGATED TO PROVIDE FULL INSURANCE FOR THE JOINT VENTURE, THEN THIS POLICY SHALL COVER THE JOINT VENTURE IN THE SAME MANNER AS THE **NAMED INSURED** IS COVERED HEREUNDER.

THE UNQUALIFIED WORD **INSURED**, WHEREVER USED, INCLUDES THE **NAMED INSURED** AND ALSO:

**(5)**    ANY PERSON, ORGANIZATION, TRUSTEE, OR ESTATE TO WHOM OR TO WHICH THE **NAMED INSURED** IS OBLIGATED BY VIRTUE OF A CONTRACT TO PROVIDE INSURANCE SUCH AS IS AFFORDED BY THIS POLICY BUT A) ONLY TO THE EXTENT SUCH INSURANCE IS REQUIRED BY SUCH CONTRACT, AND B) ONLY WITH RESPECT TO OPERATIONS BY OR ON BEHALF OF THE **NAMED INSURED**, **OCCURRENCES** WITHIN THE **PRODUCTS HAZARD** OR **COMPLETED OPERATIONS HAZARD** OR TO FACILITIES OF OR USED BY THE **NAMED INSURED**;

**(6)**    ANY EXECUTIVE OFFICER, DIRECTOR, OR STOCKHOLDER THEREOF WHILE WITHIN THE SCOPE OF HIS DUTIES AS SUCH;

**(7)**    AT THE OPTION OF THE **NAMED INSURED** AND SUBJECT TO THE TERMS OF THE COVERAGE OF THIS INSURANCE, ANY EMPLOYEE OF THE **NAMED INSURED**, OTHER THAN AN EXECUTIVE OFFICER, WHILE WITHIN THE SCOPE OF HIS DUTIES AS SUCH; AND

(8)    WITH RESPECT TO THE OWNERSHIP, MAINTENANCE, OR USE, INCLUDING **LOADING OR UNLOADING**, OF ANY AUTOMOBILE, OR NON-OWNED WATERCRAFT, ANY PERSON, INCLUDING EMPLOYEES OF THE **INSURED**, AND ANY PERSON OR ORGANIZATION LEGALLY RESPONSIBLE FOR THE USE THEREOF, PROVIDED THE ACTUAL OPERATION OR OTHER ACTUAL USE OF THE NON-OWNED WATERCRAFT IS BY OR ON BEHALF OF THE **INSURED** AND WITH THE **INSURED'S** PERMISSION (THE GRANTING OF SUCH PERMISSION SHALL NOT BE DEEMED TO HAVE BEEN ABROGATED BY THE EXISTENCE OF ANY DIRECTIVE OR CORPORATE POLICY RESTRICTING THE USE OF SUCH WATERCRAFT); PROVIDED FURTHER THAT THIS INSURANCE SHALL BE IN EXCESS OF ANY OTHER INSURANCE THAT IS AVAILABLE TO ANY PERSON, INCLUDING EMPLOYEES OF THE **INSURED**, OR ORGANIZATION WITH RESPECT TO THE USE OF ANY AUTOMOBILE NOT OWNED BY THE **INSURED** AND USED IN THE BUSINESS OF THE **INSURED**.

**(B)**    <u>**BODILY INJURY**</u>

**BODILY INJURY** MEANS:

BODILY INJURY, SICKNESS, DISEASE, DISABILITY, SHOCK, MENTAL ANGUISH, AND MENTAL INJURY, INCLUDING DEATH AT ANY TIME RESULTING THEREFROM.

**(C)**    <u>**PERSONAL INJURY**</u>

**PERSONAL INJURY** MEANS INJURY ARISING OUT OF OFFENSES SUCH AS, BUT NOT LIMITED TO, LIBEL, SLANDER, DEFAMATION OF CHARACTER, DISCRIMINATION, FALSE ARREST, FALSE IMPRISONMENT, WRONGFUL EVICTION, WRONGFUL DETENTION, MALICIOUS PROSECUTION, HARASSMENT, INVASION OF RIGHT OF PRIVACY, OR HUMILIATION WHICH OCCURS DURING THE POLICY SUSTAINED BY A NATURAL PERSON OR ORGANIZATION, BUT EXCLUDING ANY SUCH INJURY INCLUDED WITHIN THE DEFINITION OF **ADVERTISING LIABILITY**.

**(D)** **PROPERTY DAMAGE**

**PROPERTY DAMAGE** MEANS:

**(1)** PHYSICAL INJURY TO OR DESTRUCTION OF TANGIBLE PROPERTY WHICH OCCURS DURING THE POLICY PERIOD, INCLUDING THE LOSS OF USE THEREOF AT ANY TIME RESULTING THEREFROM; OR

**(2)** LOSS OF USE OF TANGIBLE PROPERTY WHICH HAS NOT BEEN PHYSICALLY INJURED OR DESTROYED, PROVIDED SUCH LOSS OF USE IS CAUSED BY AN **OCCURRENCE** DURING THE POLICY PERIOD

**(E)** **ADVERTISING LIABILITY**

**ADVERTISING LIABILITY** MEANS INJURY ARISING OUT OF OFFENSES SUCH AS, BUT NOT LIMITED TO, LIBEL, SLANDER, DEFAMATION, INFRINGEMENT OF COPYRIGHT, TITLE (INCLUDING TRADEMARK) OR SLOGAN, PIRACY, UNFAIR COMPETITION, IDEA MISAPPROPRIATION (INCLUDING TRADE SECRETS), BREACH OF CONFIDENTIAL INFORMATION, ELECTRONIC MAIL INTERCEPTS, MISAPPROPRIATION OF THE STYLE OF DOING BUSINESS (INCLUDING WEBSITE/HOMEPAGE DESIGN), OR INVASION OF RIGHTS OF PRIVACY COMMITTED, OR ALLEGED TO HAVE BEEN COMMITTED, IN ANY SOFTWARE, ADVERTISEMENT, PROMOTION, PUBLICITY ARTICLE, BROADCAST, OR TELECAST.

**(F)** **ULTIMATE NET LOSS**

**ULTIMATE NET LOSS** MEANS THE TOTAL OF THE FOLLOWING SUMS WITH RESPECT TO EACH **OCCURRENCE**:

ALL SUMS WHICH THE **INSURED** IS LEGALLY OBLIGATED TO PAY AS DAMAGES WHETHER BY REASON OF ADJUDICATION OR SETTLEMENT, BECAUSE OF **BODILY INJURY, PERSONAL INJURY, PROPERTY DAMAGE, ADVERTISING LIABILITY, PROFESSIONAL LIABILITY** OR **SOFTWARE PRODUCTS LIABILITY** TO WHICH THIS POLICY APPLIES AND **ALLOCATED CLAIMS EXPENSES.**

Intel: Manuscript Policy
March 20, 1998

**(G)    ALLOCATED CLAIMS EXPENSES**

ALLOCATED CLAIMS EXPENSES MEANS:

(1)    ALL EXPENSES INCURRED BY THE **INSURED** OR THE COMPANY IN CONNECTION WITH THE INVESTIGATION OF CLAIMS, ADJUSTMENT OF CLAIMS, AND THE SETTLEMENT OR TRIAL OF SUITS, ALL COSTS TAXED AGAINST THE **INSURED** IN ANY SUCH SUIT AND ALL INTEREST ON THE ENTIRE AMOUNT OF JUDGMENT THEREIN WHICH ACCRUES AFTER ENTRY OF THE JUDGMENT AND BEFORE THE COMPANY HAS PAID OR TENDERED OR DEPOSITED IN COURT THAT PART OF THE JUDGMENT WHICH DOES NOT EXCEED THE LIMIT OF THE COMPANY'S LIABILITY THEREIN, AND INCLUDES AMOUNTS ACTUALLY PAID BY THE COMPANY;

(2)    TO ATTORNEYS, EXPERTS, APPRAISERS, PHOTOGRAPHERS, ADJUSTERS, PRINTERS, STENOGRAPHERS, OR OTHERS (NOT ON SALARY IN THE EMPLOYMENT OF THE COMPANY) AND FOR HOSPITAL, MEDICAL, NURSING, AND FUNERAL CHARGES AND FOR SERVICES IN CONNECTION WITH THE INVESTIGATION AND SETTLEMENT OF CLAIMS AND THE DEFENSE OF LEGAL PROCEEDINGS AGAINST THE **INSURED(S)**;

(3)    FOR ALL PREMIUMS ON APPEAL BONDS REQUIRED IN ANY SUCH SUIT AND ALL PREMIUMS ON BONDS TO RELEASE ATTACHMENTS IN ANY SUCH SUIT FOR AN AMOUNT NOT IN EXCESS OF THE APPLICABLE LIMIT OF LIABILITY OF THIS POLICY, BUT WITHOUT OBLIGATION TO APPLY FOR OR FURNISH ANY SUCH BONDS;

(4)    FOR FEES AND EXPENSES OF WITNESSES; AND

(5)    FOR SALARIES AND EXPENSES OF THE **NAMED INSURED'S** EMPLOYEES INCURRED IN CONNECTION WITH THE INVESTIGATION OF CLAIMS, ADJUSTMENT OF CLAIMS, AND THE SETTLEMENT OR TRIAL OF SUITS PROVIDED THAT SUCH EMPLOYEES ARE HIRED BY THE **NAMED INSURED** FOR THE PRIMARY PURPOSE OF INVESTIGATING, ADJUSTING AND SETTLING SUCH CLAIMS OR SUITS.

Intel: Manuscript Policy
March 20, 1998

(G)  **PRODUCTS HAZARD**

**PRODUCTS HAZARD** MEANS THE HANDLING OR USE OF OR THE EXISTENCE OF ANY CONDITION IN OR A WARRANTY OF GOODS OR PRODUCTS MANUFACTURED, SOLD, HANDLED OR DISTRIBUTED BY THE **NAMED INSURED** OR BY OTHERS TRADING UNDER ITS NAME, IF THE **OCCURRENCE** HAPPENS AFTER POSSESSION OF SUCH GOODS OR PRODUCTS HAS BEEN RELINQUISHED TO OTHERS BY THE **NAMED INSURED** OR BY OTHERS TRADING UNDER ITS NAME AND IF SUCH **OCCURRENCE** HAPPENS AWAY FROM THE PREMISES OWNED BY, RENTED TO OR CONTROLLED BY THE **NAMED INSURED**; PROVIDED SUCH GOODS OR PRODUCTS SHALL BE DEEMED TO INCLUDE ANY CONTAINER THEREOF, OTHER THAN A VEHICLE, BUT SHALL NOT INCLUDE ANY VENDING MACHINE OR ANY PROPERTY, OTHER THAN SUCH CONTAINER RENTED TO OR LOCATED FOR USE OF OTHERS BUT NOT SOLD.

(H)  **COMPLETED OPERATIONS HAZARD**

**COMPLETED OPERATIONS HAZARD** MEANS OPERATIONS COMPLETED BY OR ON BEHALF OF THE **INSURED** AND INCLUDES RELIANCE UPON A REPRESENTATION OR WARRANTY MADE AT ANY TIME WITH RESPECT THERETO, BUT ONLY IF THE **OCCURRENCE** HAPPENS AFTER SUCH OPERATIONS HAVE BEEN COMPLETED OR ABANDONED AND OCCURS AWAY FROM PREMISES OWNED BY OR RENTED TO THE **NAMED INSURED**. "OPERATIONS" INCLUDE MATERIALS, PARTS OR EQUIPMENT FURNISHED IN CONNECTION THEREWITH. OPERATIONS SHALL BE DEEMED COMPLETED AT THE EARLIEST OF THE FOLLOWING TIMES:

(1)  WHEN ALL OPERATIONS TO BE PERFORMED BY OR ON BEHALF OF THE **NAMED INSURED** UNDER THE CONTRACT HAVE BEEN COMPLETED;

(2)  WHEN ALL OPERATIONS TO BE PERFORMED BY OR ON BEHALF OF THE **NAMED INSURED** AT THE SITE OF THE OPERATIONS HAVE BEEN COMPLETED; OR

(3)  WHEN THE PORTION OF THE WORK OUT OF WHICH THE **OCCURRENCE** ARISES HAS BEEN PUT TO ITS INTENDED USE BY ANY PERSON OR ORGANIZATION OTHER THAN ANOTHER CONTRACTOR OR SUBCONTRACTOR ENGAGED IN PERFORMING OPERATIONS FOR A PRINCIPAL AS A PART OF THE SAME PROJECT.

OPERATIONS WHICH MAY REQUIRE FURTHER SERVICE OR MAINTENANCE WORK, OR CORRECTION, REPAIR, OR REPLACEMENT BECAUSE OF ANY DEFECT OR DEFICIENCY, BUT WHICH ARE OTHERWISE COMPLETE, SHALL BE DEEMED COMPLETE.

THE **COMPLETED OPERATIONS HAZARD** DOES NOT INCLUDE **OCCURRENCES** ARISING OUT OF:

(1)     OPERATIONS IN CONNECTION WITH THE TRANSPORTATION OF PROPERTY, UNLESS THE **OCCURRENCE** ARISES OUT OF A CONDITION IN OR ON A VEHICLE CREATED BY THE **LOADING OR UNLOADING** THEREOF; OR

(2)     THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT, OR ABANDONED OR UNUSED MATERIALS.

(I)     **OCCURRENCE**

**OCCURRENCE** MEANS:

(1)     WITH RESPECT TO **BODILY INJURY OR PROPERTY DAMAGE**, AN ACCIDENT OR INJURIOUS EXPOSURE TO CONDITIONS WHICH RESULT IN **BODILY INJURY OR PROPERTY DAMAGE** DURING THE POLICY PERIOD NEITHER EXPECTED NOR INTENDED FROM THE STANDPOINT OF THE **INSURED**. ALL DAMAGES ARISING OUT OF SUCH EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL BE CONSIDERED AS ARISING OUT OF ONE **OCCURRENCE**;

(2)     WITH RESPECT TO **PERSONAL INJURY**, AN OFFENSE WHICH RESULTS IN **PERSONAL INJURY** DURING THE POLICY PERIOD, OTHER THAN AN OFFENSE COMMITTED WITH ACTUAL MALICE, THE WILLFUL VIOLATION OF A PENAL STATUTE OR ORDINANCE COMMITTED BY OR WITH THE KNOWLEDGE OR CONSENT OF THE **INSURED** OR ARISING OUT OF THE **NAMED INSURED'S** ADVERTISING ACTIVITIES. ALL DAMAGES ARISING OUT OF SUCH EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL BE CONSIDERED AS ARISING OUT OF ONE **OCCURRENCE**;

Intel: Manuscript Policy
March 20, 1998

(3) WITH RESPECT TO **ADVERTISING LIABILITY**, AN OFFENSE WHICH RESULTS IN **ADVERTISING LIABILITY** ARISING OUT OF THE NAMED INSURED'S ADVERTISING ACTIVITIES.  ALL DAMAGES INVOLVING THE SAME INJURIOUS MATERIAL OR ACT, REGARDLESS OF THE FREQUENCY OR REPETITION THEREOF, THE NUMBER OR KIND OF MEDIA USED, AND THE NUMBER OF CLAIMANTS, AND ALL SUCH DAMAGES SHALL BE CONSIDERED AS ARISING OUT OF ONE **OCCURRENCE**;

(4) WITH RESPECT TO **PROFESSIONAL LIABILITY**, MALPRACTICE, AN ACT, ERROR, OMISSION, OR OTHER BREACH OF PROFESSIONAL DUTY.  ALL DAMAGES ARISING OUT OF THE SAME MALPRACTICE, ACT, ERROR, OMISSION OR OTHER BREACH OF PROFESSIONAL DUTY SHALL BE CONSIDERED AS ARISING OUT OF ONE **OCCURRENCE**; AND

(5) WITH RESPECT TO **SOFTWARE PRODUCTS LIABILITY**, A NEGLIGENT ACT, ERROR OR OMISSION BY OR ON BEHALF OF THE **INSURED**.  ALL DAMAGES ARISING OUT OF THE SAME NEGLIGENT ACT, ERROR OR OMISSION SHALL BE CONSIDERED AS ARISING OUT OF ONE **OCCURRENCE**.  IT IS AGREED THAT THE DATE OF THE **OCCURRENCE** AS TO **SOFTWARE PRODUCTS LIABILITY** SHALL BE THE DATE THAT THE **INSURED** RELINQUISHED CONTROL TO OTHERS OF THE **SOFTWARE PRODUCT** OR COMPLETED PERFORMANCE OF **OTHER COMPUTER SERVICES** FOR OTHERS.

IT IS FURTHER AGREED THAT INTENTIONAL ACTS OF THE **INSURED** TAKEN IN DEFENSE OF PROPERTY OR PERSONS SHALL BE DEEMED AN **OCCURRENCE** AND INSURED UNDER THIS POLICY.

(J) **SOFTWARE PRODUCTS LIABILITY** and Other Computer Services Liability  See. Ex. 14
**SOFTWARE PRODUCTS LIABILITY** and Other Computer Services Liability MEANS:

INJURY, LOSS OR DAMAGE ARISING OUT OF THE FAILURE TO PERFORM **OTHER COMPUTER SERVICES** OR THE FAILURE OF THE INSURED'S **SOFTWARE PRODUCTS** TO PERFORM THE FUNCTION OR SERVE THE PURPOSE INTENDED.

Intel: Manuscript Policy
March 20, 1998

**(J1)**    **OTHER COMPUTER SERVICES**

OTHER COMPUTER SERVICES MEAN:

ELECTRONIC DATA PROCESSING AND SOFTWARE CONSULTING, but not
ANALYSIS OR DESIGN. All electronic data processing services including but not
limited to website design, hosting and support software

**(J2)**    **SOFTWARE PRODUCTS**    consulting, analysis or design (See End 14)

SOFTWARE PRODUCTS MEAN:

COMPUTER SOFTWARE AND PROGRAMMING WHICH YOU OR
OTHERS TRADING UNDER YOUR NAME CREATED, MANUFACTURED,
SOLD, LICENSED, HANDLED OR DISTRIBUTED. HOWEVER,
SOFTWARE PRODUCTS DOES NOT INCLUDE ANY FIRMWARE,
MICROCODE, ALGORITHMS OR INSTRUCTION SETS YOU
INCORPORATE INTO SEMICONDUCTOR PRODUCTS
(MICROPROCESSORS, LOGIC DEVICES, MICROCONTROLLERS OR
MEMORY DEVICES) YOU DESIGN, CREATE MANUFACTURE OR SELL.

**(K)**    **PROFESSIONAL LIABILITY**

PROFESSIONAL LIABILITY MEANS:

INJURY OR DAMAGE ARISING OUT OF SERVICES AS A PHYSICIAN,
SURGEON, DENTIST, MEDIAL OR DENTAL TECHNICIAN, NURSE OR
OTHER MEDICAL OR PARAMEDICAL PERSON, ACCOUNTANTS,
ARCHITECTS, ATTORNEYS, ENGINEERS, MANAGERS,
ADMINISTRATORS AND SIMILAR NON-MEDICAL TECHNICIANS
PROVIDED THAT

**(A)**    SUCH SERVICES ARE PROVIDED WITHIN HIS/HER CAPACITY
AS AN EMPLOYEE OF THE INSURED, OR

**(B)**    THE INSURED IS OTHERWISE LEGALLY RESPONSIBLE FOR
SUCH PERSON'S SERVICES AND SUCH SERVICES ARE NOT
PROVIDED TO A THIRD PARTY FOR A FEE.

Intel: Manuscript Policy
March 20, 1998

(L)    **ANNUAL PERIOD**

ANNUAL PERIOD MEANS:

THE TERM **ANNUAL PERIOD** MEANS EACH CONSECUTIVE PERIOD OF ONE YEAR COMMENCING FROM THE INCEPTION DATE OF THIS POLICY.

(M)    **AUTOMOBILE**

AUTOMOBILE MEANS:

ANY LAND MOTOR VEHICLE, TRAILER, OR SEMITRAILER BUT **AUTOMOBILE** SHALL NOT INCLUDE ANY OF THE FOLLOWING TYPES OF LAND VEHICLES, INCLUDING ANY ATTACHED MACHINERY OR EQUIPMENT:

A.    BULLDOZERS, FARM MACHINERY, FORKLIFTS AND OTHER VEHICLES DESIGNED FOR USE PRINCIPALLY OFF PUBLIC ROADS;

B.    VEHICLES MAINTAINED FOR USE SOLELY ON OR NEXT TO PREMISES YOU WON OR RENT;

C.    VEHICLES THAT TRAVEL ON CRAWLER TREADS;

D.    VEHICLES WHETHER SELF-PROPELLED OR NOT, MAINTAINED PRIMARILY TO PROVIDE MOBILITY TO PERMANENTLY MOUNTED:

(1)    POWER CRANES, SHOVELS, LOADERS, DIGGERS OR DRILLS; OR

(2)    ROAD CONSTRUCTION OR RESURFACING EQUIPMENT SUCH AS GRADERS, SCRAPERS OR ROLLERS;

E.    VEHICLES NOT DESCRIBED IN A., B., C., OR D. ABOVE THAT ARE OT SELF-PROPELLED AND ARE MAINTAINED PRIMARILY TO PROVIDE MOBILITY TO PERMANENTLY ATTACHED EQUIPMENT OF THE FOLLOWING TYPES:

      **(1)**   AIR COMPRESSORS, PUMPS AND GENERATORS INCLUDING SPRAYING, WELDING, BUILDING CLEANING, GEOPHYSICAL EXPLORATION, LIGHTING AND WELL SERVICING EQUIPMENT; OR

      **(2)**   CHERRY PICKERS AND SIMILAR DEVICES USED TO RAISE OR LOWER WORKERS;

**F.**   VEHICLES NOT DESCRIBED IN A., B., C. OR D. ABOVE MAINTAINED PRIMARILY FOR PURPOSES OTHER THAN THE TRANSPORTATION OF PERSONS OR CARGO.

HOWEVER, SELF-PROPELLED VEHICLES WITHIN THE FOLLOWING TYPES OF PERMANENTLY ATTACHED EQUIPMENT ARE CONSIDERED **AUTOMOBILES**;

      **(1)**   EQUIPMENT DESIGNED PRIMARILY FOR:

         **(A)**   SNOW REMOVAL;

         **(B)**   ROAD MAINTENANCE, BUT NOT CONSTRUCTION OR RESURFACING; OR

         **(C)**   STREET CLEANING;

      **(2)**   CHERRY PICKERS AND SIMILAR DEVICES MOUNTED ON AU AUTOMOBILE OR TRUCK CHASSIS AND USED TO RAISE OR LOWER WORKERS; AND

      **(3)**   AIR COMPRESSORS, PUMPS AND GENERATORS, INCLUDING SPRAYING, WELDING, BUILDING CLEANING, GEOPHYSICAL EXPLORATION, LIGHTING AND WELL SERVICING EQUIPMENT.

**(N)**   <u>**LOADING AND UNLOADING**</u>

**LOADING AND UNLOADING** MEANS:

THE HANDLING OR PROPERTY:

**A.**   AFTER IT IS MOVED FROM THE PLACE WHERE IT IS ACCEPTED FOR MOVEMENT INTO OR ONTO AN AIRCRAFT, WATERCRAFT OR **AUTOMOBILE**;

    **B.**    WHILE IT IS IN OR ON AN AIRCRAFT, WATERCRAFT OR **AUTOMOBILE**; OR

    **C.**    WHILE IT IS BEING MOVED FROM AN AIRCRAFT, WATERCRAFT OR **AUTOMOBILE** TO THE PLACE WHERE IT IS FINALLY DELIVERED.

**(M)**    <u>**AIRCRAFT PRODUCTS**</u>

    **AIRCRAFT PRODUCTS** MEAN:

    **1.**    AIRCRAFT (INCLUDING MISSILES OR SPACECRAFT) OR ANY PORTION THEREOF;

    **2.**    GROUND SUPPORT OR CONTROL EQUIPMENT USED WITH AIRCRAFT; OR

    **3.**    ANY ARTICLE DESIGNATED OR MANUFACTURED FOR USE ON AIRCRAFT, OR FOR USE IN THE CONTROL, MAINTENANCE OR OPERATION OF AIRCRAFT.

**(N)**    <u>**FIRST NAMED INSURED**</u>

    **FIRST NAMED INSURED** MEANS:

    INTEL CORPORATION

**IV.**    <u>**POLICY PERIOD, TERRITORY**</u>

THIS POLICY APPLIES TO **OCCURRENCES** ARISING OR HAPPENING ANYWHERE DURING THE POLICY PERIOD.

IN THE EVENT **BODILY INJURY**, **PERSONAL INJURY**, **PROPERTY DAMAGE**, **ADVERTISING LIABILITY**, **PROFESSIONAL LIABILITY** OR **SOFTWARE PRODUCTS LIABILITY** ARISING OUT OF AN **OCCURRENCE** COVERED HEREUNDER IS CONTINUING AT THE TIME OF THE TERMINATION OF THIS POLICY, THE COMPANY WILL CONTINUE TO PROTECT THE **INSURED** FOR LIABILITY WITH RESPECT TO SUCH **BODILY INJURY**, **PERSONAL INJURY**, **PROPERTY DAMAGE**, **ADVERTISING LIABILITY**, **PROFESSIONAL LIABILITY** OR **SOFTWARE PRODUCTS LIABILITY** WITHOUT PAYMENT OF ADDITIONAL PREMIUMS.

Intel: Manuscript Policy
March 20, 1998

*Revise See Enl #7*

**V.    RETAINED LIMIT**

(A)    THE COMPANY'S LIABILITY SHALL BE ONLY FOR THE **ULTIMATE NET LOSS** IN EXCESS OF THE **INSURED'S** RETAINED LIMIT WHICH IS DEFINED AS THE SELF-INSURED RETAINED AMOUNT AS STATED IN THE DECLARATIONS AS THE RESULT OF ALL **OCCURRENCES** HAPPENING DURING THE POLICY PERIOD OF THIS POLICY, TO BE SATISFIED BY PAYMENTS FROM ANY SOURCE, WHICH SHALL BE BORNE BY THE **INSURED**, SEPARATELY AS RESPECTS EACH **ANNUAL PERIOD** OF THIS POLICY.

(B)    THE **INSURED** MAY INSURE ANY OR PART OF OR ALL OF THE RETAINED LIMIT INDICATED ABOVE OR TAKE ADVANTAGE OF ANY OTHER INSURANCE AVAILABLE TO IT WITHOUT PREJUDICE TO OR INVALIDATION OF COVERAGE UNDER THIS POLICY. IF ANY SUCH INSURANCE IS LESS THAN THE **INSURED'S** RETAINED LIMIT, THEN THE **INSURED** WILL MAKE UP THE DIFFERENCE.

**VI.    LIMIT OF LIABILITY**

THE DECLARATIONS PAGE IS AMENDED TO READ AS FOLLOWS:

LIMIT OF LIABILITY

(a)    LIMIT IN ALL IN RESPECT OF EACH **OCCURRENCE**    $10,000,000 **ULTIMATE NET LOSS**; AND

(b)    LIMIT IN THE AGGREGATE FOR EACH **ANNUAL PERIOD** FOR ALL **OCCURRENCES** $10,000,000 **ULTIMATE NET LOSS**

THE COMPANY'S LIABILITY SHALL NOT EXCEED THE AMOUNT STATED ABOVE AS THE RESULT OF ANY ONE **OCCURRENCE**. THERE IS NO LIMIT TO THE NUMBER OF **OCCURRENCES** DURING THE POLICY PERIOD FOR WHICH CLAIMS MAY BE MADE EXCEPT THAT THE LIABILITY OF THE COMPANY ON ACCOUNT OF ALL **OCCURRENCES** DURING EACH **ANNUAL PERIOD** SHALL NOT EXCEED THE AGGREGATE AMOUNT STATED ABOVE.

Intel: Manuscript Policy
March 20, 1998

## VII.  **EXCLUSIONS**

THIS POLICY SHALL NOT APPLY:

**(A)**  TO ANY OBLIGATION FOR WHICH THE **INSURED** OR ANY OF ITS INSURERS MAY BE HELD LIABLE UNDER ANY WORKERS' OR UNEMPLOYMENT COMPENSATION, DISABILITY BENEFITS OR SIMILAR LAW; PROVIDED, HOWEVER, THAT THIS EXCLUSION DOES NOT APPLY TO (1) LIABILITY OF OTHERS ASSUMED BY THE **NAMED INSURED** UNDER CONTRACT OR (2) STOP GAP COVERAGE;

**(B)**  TO **PROPERTY DAMAGE** OF:

    **(1)**  PROPERTY OWNED BY THE **NAMED INSURED**; OR

    **(2)**  ANY GOODS, PRODUCTS, OR CONTAINERS THEREOF MANUFACTURED, SOLD, HANDLED OR DISTRIBUTED, OR WORK COMPLETED BY THE **INSURED**, OUT OF WHICH THE **OCCURRENCE** ARISES;

**(C)**  UNDER **ADVERTISING LIABILITY** FOR:

    **(1)**  BREACH OF A WRITTEN CONTRACT;

    **(2)**  INCORRECT DESCRIPTION OF ANY ARTICLE OR COMMODITY; OR

    **(3)**  MISTAKE IN ADVERTISED PRICE;

**(D)**  TO **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, ADVERTISING LIABILITY, SOFTWARE PRODUCTS LIABILITY** OR **PROFESSIONAL LIABILITY** ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OPERATION, USE, **LOADING OR UNLOADING OF ANY AIRCRAFT**.

**(E)**  TO ANY AND ALL LIABILITY FOR **BODILY INJURY, PERSONAL INJURY, PROPERTY DAMAGE, ADVERTISING LIABILITY, SOFTWARE PRODUCTS LIABILITY** OR **PROFESSIONAL LIABILITY** ARISING OUT OF:

(1) INHALING, INGESTING, OR PROLONGED PHYSICAL EXPOSURE TO ASBESTOS OR GOODS OR PRODUCTS CONTAINING ASBESTOS; OR

(2) THE USE OF ASBESTOS IN CONSTRUCTING OR MANUFACTURING ANY GOODS, PRODUCT, OR STRUCTURES; OR

(3) THE REMOVAL OF ASBESTOS FROM ANY GOODS, PRODUCTS OR STRUCTURES; OR

(4) THE MANUFACTURE, TRANSPORTATION, STORAGE, OR DISPOSAL OF ASBESTOS OR GOODS OR PRODUCTS CONTAINING ASBESTOS.

THE COVERAGE AFFORDED BY THIS POLICY DOES NOT APPLY TO PAYMENT FOR THE INVESTIGATION OR DEFENSE OF ANY LOSS, INJURY OR DAMAGE OR ANY COST, FINE OR PENALTY OR FOR ANY EXPENSE OR CLAIM OR SUIT RELATED TO ANY OF THE ABOVE IN THIS EXCLUSION (D);

(F) FOR ANY CLAIM OR CLAIMS MADE AGAINST THE **INSURED** FOR ANY BREACH OF DUTY, NEGLECT, ERROR, MISSTATEMENT, MISLEADING STATEMENT, OMISSION OR OTHER ACTS ACTUALLY DONE OR WRONGFULLY ATTEMPTED BY ANY DIRECTOR AND/OR OFFICER CLAIMED AGAINST THEM SOLELY BY REASON OF THEIR CAPACITY AS SUCH.

BUT THIS EXCLUSION SHALL NOT APPLY TO **PERSONAL INJURY**;

(G) TO INJURY, SICKNESS, DISEASE, DEATH, OR DESTRUCTION:

(1) WITH RESPECT TO WHICH AN **INSURED** UNDER THE POLICY IS ALSO AN **INSURED** UNDER A NUCLEAR ENERGY LIABILITY POLICY ISSUED BY THE NUCLEAR ENERGY LIABILITY INSURANCE ASSOCIATION, MUTUAL ATOMIC ENERGY LIABILITY UNDERWRITERS OR NUCLEAR INSURANCE ASSOCIATION OF CANADA, OR WOULD BE AN **INSURED** UNDER ANY SUCH POLICY BUT FOR ITS TERMINATION UPON EXHAUSTION OF ITS LIMIT OF LIABILITY; OR

(2) RESULTING FROM THE HAZARDOUS PROPERTIES OF NUCLEAR MATERIAL AND WITH RESPECT TO WHICH:

    **a)**    ANY PERSON OR ORGANIZATION IS REQUIRED TO MAINTAIN FINANCIAL PROTECTION PURSUANT TO THE ATOMIC ENERGY ACT OF 1954, OR ANY LAW AMENDATORY THEREOF; OR

    **b)**    THE **INSURED** IS, OR HAD THIS POLICY NOT BEEN ISSUED WOULD BE, ENTITLED TO INDEMNITY FROM THE UNITED STATES OF AMERICA OR ANY AGENCY THEREOF, UNDER ANY AGREEMENT ENTERED INTO BY THE UNITED STATES OF AMERICA, OR ANY AGENCY THEREOF, WITH ANY PERSON OR ORGANIZATION; OR

**(3)**    RESULTING FROM THE HAZARDOUS PROPERTIES OF NUCLEAR MATERIAL, IF:

    **a)**    THE NUCLEAR MATERIAL (1) IS AT ANY NUCLEAR FACILITY OWNED BY, OR OPERATED BY OR ON BEHALF OF, AN **INSURED** OR (2) HAS BEEN DISPERSED THEREFROM; OR

    **b)**    THE NUCLEAR MATERIAL IS CONTAINED IN SPENT FUEL OR WASTE AT ANY TIME POSSESSED, HANDLED, USED, PROCESSED, STORED, TRANSPORTED OR DISPOSED OF BY OR ON BEHALF OF AN **INSURED**; OR

    **c)**    THE INJURY, SICKNESS, DISEASE, DEATH OR DESTRUCTION ARISES OUT OF THE FURNISHING BY AN **INSURED** OF SERVICES, MATERIALS, PARTS OR EQUIPMENT IN CONNECTION WITH THE PLANNING, CONSTRUCTION, MAINTENANCE, OPERATION, OR USE OF ANY NUCLEAR FACILITY, BUT IF SUCH FACILITY IS LOCATED WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS OR CANADA, THIS SUBPARAGRAPH c. APPLIES ONLY TO INJURY TO OR DESTRUCTION OF PROPERTY AT SUCH NUCLEAR FACILITY;

AS USED HEREIN:

"HAZARDOUS PROPERTIES" INCLUDE RADIOACTIVE, TOXIC OR EXPLOSIVE PROPERTIES;

Intel: Manuscript Policy
March 20, 1998

"NUCLEAR MATERIAL" MEANS SOURCE MATERIAL, SPECIAL NUCLEAR MATERIAL, OR BY-PRODUCT MATERIAL;

"SOURCE MATERIAL", "SPECIAL NUCLEAR MATERIAL", AND "BY-PRODUCT MATERIAL" HAVE THE MEANING GIVEN THEM IN THE ATOMIC ENERGY ACT OF 1954 OR IN ANY LAW AMENDATORY THEREOF;

"SPENT FUEL" MEANS ANY FUEL ELEMENT OR FUEL COMPONENT, SOLID OR LIQUID, WHICH HAS BEEN USED OR EXPOSED TO RADIATION IN A NUCLEAR REACTOR;

"WASTE" MEANS ANY WASTE MATERIAL (1) CONTAINING BY-PRODUCT MATERIAL AND (2) RESULTING FROM THE OPERATION BY ANY PERSON OR ORGANIZATION OF ANY NUCLEAR FACILITY INCLUDED WITHIN THE DEFINITION OF NUCLEAR FACILITY UNDER SUBPARAGRAPH (i) OR (ii) THEREOF;

"NUCLEAR FACILITY" MEANS:

(i)     ANY NUCLEAR REACTOR;

(ii)    ANY EQUIPMENT OR DEVICE DESIGNED OR USED FOR (1) SEPARATING THE ISOTOPES OF URANIUM OR PLUTONIUM, (2) PROCESSING OR UTILIZING SPENT FUEL, OR (3) HANDLING, PROCESSING, OR PACKAGING WASTE;

(iii)   ANY EQUIPMENT OR DEVICE USED FOR THE PROCESSING, FABRICATION, OR ALLOYING OF SPECIAL NUCLEAR MATERIAL IF AT ANY TIME THE TOTAL AMOUNT OF SUCH MATERIAL IN THE CUSTODY OF THE INSURED AT THE PREMISES WHERE SUCH EQUIPMENT OR DEVICE IS LOCATED CONSISTS OF OR CONTAINS MORE THAN 25 GRAMS OF PLUTONIUM OR URANIUM 233 OR ANY COMBINATION THEREOF, OR MORE THAN 250 GRAMS OF URANIUM 235; AND

Intel: Manuscript Policy
March 20, 1998

    (iv)    ANY STRUCTURE, BASIN, EXCAVATION, PREMISES, OR PLACE PREPARED OR USED FOR THE STORAGE OR DISPOSAL OF WASTE, AND INCLUDES THE SITE ON WHICH ANY OF THE FOREGOING IS LOCATED, ALL OPERATIONS CONDUCTED ON SUCH SITE AND ALL PREMISES USED FOR SUCH OPERATIONS;

"NUCLEAR REACTOR" MEANS ANY APPARATUS DESIGNED OR USED TO SUSTAIN NUCLEAR FISSION IN A SELF-SUPPORTING CHAIN REACTION OR TO CONTAIN A CRITICAL MASS OF FISSIONABLE MATERIAL.

WITH RESPECT TO INJURY TO OR DESTRUCTION OF PROPERTY, THE WORD "INJURY" OR "DESTRUCTION" INCLUDES ALL FORMS OF RADIOACTIVE CONTAMINATION OF PROPERTY.

**(H)**    TO **BODILY INJURY** OR **PROPERTY DAMAGE** INCLUDED IN THE **PRODUCTS HAZARD** OR **COMPLETED OPERATIONS HAZARD** AND ARISING OUT OF ANY **AIRCRAFT PRODUCT.**

**(H1)**    TO ANY CLAIM OR CLAIMS BROUGHT AS A RESULT OF ANY VIOLATION OF RESPONSIBILITIES, OBLIGATIONS OR DUTIES IMPOSED UPON FIDUCIARIES BY THE EMPLOYEE RETIREMENT AND INCOME SECURITY ACT OF 1974 OR AMENDMENTS THERETO.

**(H2)**    TO ANY **PERSONAL INJURY** ARISING OUT OF AN ORAL OR WRITTEN PUBLICATION OF MATERIAL, IF DONE BY OR AT THE DIRECTION OF THE **INSURED** WITH KNOWLEDGE OF ITS FALSITY.

**(H3)**    TO ANY **BODILY INJURY, PERSONAL INJURY** OR **PROPERTY DAMAGE** THAT RESULTS FROM ANY OF THE FOLLOWING, OR ANY CONDITION THAT IS INCIDENT TO:  WAR, WHETHER OR NOT DECLARED;  CIVIL WAR;  INSURRECTION;  REBELLION OR REVOLUTION

**(H4)**    TO ANY CLAIM OR CLAIMS BROUGHT BY A PAST, PRESENT OR PROSPECTIVE EMPLOYEE FOR DISCRIMINATION, WRONGFUL TERMINATION OR HARASSMENT IN CONNECTION WITH HIS/HER PROSPECTIVE OR ACTUAL EMPLOYMENT WITH THE **INSURED.**

Intel: Manuscript Policy
March 20, 1998

    **(H5)**   TO BODILY INJURY, PERSONAL INJURY OR PROPERTY DAMAGE UNDER THE NO-FAULT, UNINSURED MOTORIST, UNDERINSURED MOTORIST OR PERSONAL INJURY PROTECTION STATUTE OR ANY SIMILAR LAW OF ANY FEDERAL, STATE, PROVINCE OR SIMILAR JURISDICTION.

**THE FOLLOWING EXCLUSIONS (I AND J) APPLY ONLY TO COVERAGES A - E: BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, ADVERTISING LIABILITY AND PROFESSIONAL LIABILITY:**

**(I)**   TO DAMAGES CLAIMED FOR THE WITHDRAWAL, INSPECTION, REPAIR, REPLACEMENT, OR LOSS OF USE OF THE **NAMED INSURED'S** PRODUCTS OR WORK COMPLETED BY OR FOR THE **NAMED INSURED** OR OF ANY PROPERTY OF WHICH SUCH PRODUCTS OR WORK FORM A PART, IF SUCH PRODUCTS, WORK, OR PROPERTY ARE WITHDRAWN FROM THE MARKET OR FROM USE BECAUSE OF ANY KNOWN OR SUSPECTED DEFECT OR DEFICIENCY THEREIN;

**(J)**   TO LOSS OF USE OF TANGIBLE PROPERTY WHICH HAS NOT BEEN PHYSICALLY INJURED OR DESTROYED, RESULTING FROM:

    **(1)**   A DELAY IN OR LACK OF PERFORMANCE BY OR ON BEHALF OF THE **NAMED INSURED** OF ANY CONTRACT OR AGREEMENT; OR

    **(2)**   THE FAILURE OF THE **NAMED INSURED'S** PRODUCTS OR WORK PERFORMED BY OR ON BEHALF OF THE **NAMED INSURED** TO MEET THE LEVEL OF PERFORMANCE, QUALITY, FITNESS OR DURABILITY WARRANTED OR REPRESENTED BY THE **NAMED INSURED**;

BUT THIS EXCLUSION DOES NOT APPLY TO THE EXTENT COVERAGE IS AVAILABLE TO THE **NAMED INSURED** IN THE UNDERLYING INSURANCE AS SET OUT IN SCHEDULE "A" OF THE POLICY OR TO LOSS OF USE OF OTHER TANGIBLE PROPERTY RESULTING FROM THE SUDDEN AND ACCIDENTAL PHYSICAL INJURY TO OR DESTRUCTION OF THE **NAMED INSURED'S** PRODUCTS OR WORK PERFORMED BY OR ON BEHALF OF THE **NAMED INSURED** AFTER SUCH PRODUCTS OR WORK HAVE BEEN PUT TO USE BY ANY PERSON OR ORGANIZATION OTHER THAN AN **INSURED**.

Intel: Manuscript Policy
March 20, 1998

**THE FOLLOWING EXCLUSIONS (K - N) APPLY ONLY TO COVERAGE F: SOFTWARE PRODUCTS LIABILITY:**

**(K)**    A DEFAULT BY OR ON BEHALF OF THE **INSURED** WITH RESPECT TO THE PERFORMANCE OF ANY CONTRACT OR AGREEMENT.

   **BUT**

   THIS EXCLUSION DOES NOT APPLY IF SUCH DEFAULT IS THE RESULT OF A NEGLIGENT ACT, ERROR OR OMISSION.

**(L)**    COST GUARANTEES; OR ESTIMATES OF PROBABLE COSTS OR COST ESTIMATES BEING EXCEEDED.

**(M)**    INFRINGEMENT OF PATENT; UNFAIR COMPETITION OR PIRACY; OR THEFT OR WRONGFUL TAKING OF CONCEPTS OR OTHER INTELLECTUAL PROPERTY.

**(N)**    FAILURE OR LACK OF THE INSURED'S SOFTWARE PRODUCTS TO PREVENT UNAUTHORIZED ACCESS TO OR USE OF AN ELECTRONIC SYSTEM OR PROGRAM.

   **BUT**

   THIS EXCLUSION DOES NOT APPLY IF SUCH UNAUTHORIZED ACCESS IS THE RESULT OF A NEGLIGENT ACT, ERROR OR OMISSION.

**VIII.  CONDITIONS**

   **(A)**    INSPECTION AND AUDIT   THE COMPANY SHALL BE PERMITTED AT ALL REASONABLE TIMES TO INSPECT THE **NAMED INSURED'S** PREMISES AND EQUIPMENT, AND TO EXAMINE THE **NAMED INSURED'S** BOOKS AND RECORDS SO FAR AS THE BOOKS AND RECORDS RELATE TO PREMIUM EARNED OR TO ANY **OCCURRENCES** HAPPENING DURING THE POLICY PERIOD.

   NOTWITHSTANDING THE FOREGOING, THE COMPANY MAY ONLY BE PERMITTED LIMITED ACCESS TO THOSE AREAS DESIGNATED BY THE **NAMED INSURED** AS "OFF LIMITS" (OR SOME SUCH SIMILAR PHRASE) DUE TO REASONS OF NATIONAL SECURITY. SUCH LIMITED ACCESS OR NO ACCESS SHALL BE AT THE DISCRETION OF THE **NAMED INSURED**.

NEITHER THE COMPANY'S RIGHT TO MAKE INSPECTIONS NOR THE MAKING THEREOF NOR ANY REPORT THEREON SHALL CONSTITUTE AN UNDERTAKING, ON BEHALF OF OR FOR THE BENEFIT OF THE **INSURED** OR OTHERS, TO DETERMINE OR WARRANT THAT THE **INSURED'S** PROPERTY OR OPERATIONS ARE SAFE AND HEALTHFUL, OR ARE IN COMPLIANCE WITH ANY LAW, RULE, OR REGULATION.

**(B)** SEVERABILITY OF INTERESTS   THE TERM **INSURED** IS USED SEVERALLY AND NOT COLLECTIVELY EXCEPT WITH RESPECT TO INSURING AGREEMENT V  LIMIT OF LIABILITY) AND CONDITION (I) (OTHER INSURANCE)   THE INCLUSION IN THIS POLICY OF MORE THAN ONE **INSURED** SHALL NOT OPERATE TO INCREASE THE COMPANY'S TOTAL LIABILITY FOR ALL **INSUREDS** COVERED BY THIS POLICY BEYOND THE LIMITS OF LIABILITY SET FORTH IN THE DECLARATIONS.

**(C)** NOTICE OF OCCURRENCE   IN THE EVENT OF AN **OCCURRENCE**, WRITTEN NOTICE SHALL BE GIVEN BY OR ON BEHALF OF THE **INSURED** TO THE COMPANY OR ANY OF ITS AUTHORIZED AGENTS AS SOON AS PRACTICABLE AFTER THE MANAGER OF THE **FIRST NAMED INSURED'S**   RISK MANAGEMENT DEPARTMENT HAS KNOWLEDGE OF AN **OCCURRENCE** WHICH, IN THE OPINION OF THE MANAGER OF SUCH RISK MANAGEMENT DEPARTMENT OR SUCH DESIGNATED EMPLOYEE, IS LIKELY TO RESULT IN A CLAIM UNDER THE POLICY.

SUCH NOTICE SHALL CONTAIN PARTICULARS SUFFICIENT TO IDENTIFY THE **INSURED** AND ALSO REASONABLY OBTAINABLE INFORMATION RESPECTING THE TIME, PLACE, AND CIRCUMSTANCES OF THE **OCCURRENCE**, THE NAME AND ADDRESS OF THE **INSURED** AND NAMES AND ADDRESSES OF AVAILABLE WITNESSES.

IF LEGAL PROCEEDINGS ARE BEGUN THE **INSURED**, WHEN REQUESTED BY THE COMPANY, SHALL FORWARD TO IT EACH SUMMONS, COMPLAINT, OR OTHER PROCESS, OR A COPY THEREOF, RECEIVED BY THE **INSURED**, OR THE **INSURED'S** REPRESENTATIVE, TOGETHER WITH COPIES OF REPORTS OF INVESTIGATIONS MADE BY THE **INSURED** WITH RESPECT TO SUCH CLAIM PROCEEDINGS.

Intel: Manuscript Policy
March 20, 1998

(D)   ASSISTANCE AND COOPERATION   NOTWITHSTANDING ANY DUTY
TO DEFEND OBLIGATION BY   THE COMPANY AS DESCRIBED IN
SECTION II.  DEFENSE SETTLEMENT, THE **FIRST NAMED INSURED**
SHALL HAVE THE RIGHT TO SELECT COUNSEL OF ITS CHOICE TO
DEFEND ANY SUCH CLAIM OR PROCEEDING AND THE **FIRST NAMED
INSURED** HAS OBTAINED THE COMPANY'S CONSENT OF WHICH WILL
NOT BE UNREASONABLY WITHHELD.  SUCH COUNSEL SHALL:

1.   HAVE AT LEAST FIVE YEARS OF TORT LITIGATION PRACTICE
WHICH INCLUDES SUBSTANTIAL DEFENSE EXPERIENCE IN
THE SUBJECT AT ISSUE IN THE LITIGATION IF THE COMPANY
SO REQUIRES,

2.   CARRY ERRORS AND OMISSIONS INSURANCE COVERAGE,

3.   AGREE TO DISCLOSE ALL INFORMATION TO THE COMPANY
CONCERNING THE ACTION, EXCEPT PRIVILEGED MATERIALS
AND TIMELY INFORM AND CONSULT WITH THE COMPANY ON
ALL MATTERS RELATING TO THE ACTION.  ANY CLAIM OF
PRIVILEGE ASSERTS IS SUBJECT TO IN CAMERA REVIEW IN
THE APPROPRIATE LAW AND MOTION DEPARTMENT OF THE
SUPERIOR COURT.  ANY INFORMATION DISCLOSED BY THE
INSURED OR BY SUCH COUNSEL IS NOT A WAIVER OF
PRIVILEGE TO THE OTHER PARTY,

4.   THE COMPANY SHALL HAVE THE RIGHT AND OPPORTUNITY
TO ASSOCIATE WITH THE **INSURED** IN THE DEFENSE AND
CONTROL OF ANY SUCH CLAIM AS WELL AS ANY OTHER
CLAIM OR PROCEEDING REASONABLY LIKELY TO INVOLVE
THE COMPANY AT THE COMPANY'S EXPENSE, AND.

5.   THE COMPANY'S OBLIGATIONS TO PAY FEES TO COUNSEL
SELECTED BY THE **FIRST NAMED INSURED** IS LIMITED TO
THE RATES THE COMPANY ACTUALLY PAYS TO COUNSEL THE
COMPANY RETAINS IN THE ORDINARY COURSE OF BUSINESS
IN THE DEFENSE OF SIMILAR ACTIONS IN THE COMMUNITY
WHERE THE CLAIM IS BEING DEFENDED.  ANY DISPUTE
CONCERNING COUNSEL FEES SHALL BE RESOLVED BY FINAL
AND BINDING ARBITRATION BY A SINGLE NEUTRAL
ARBITRATOR SELECTED BY THE PARTIES TO THE DISPUTE.

(E)   BANKRUPTCY OR INSOLVENCY   BANKRUPTCY OR INSOLVENCY OF
THE **INSURED** SHALL NOT RELIEVE THE COMPANY OF ANY OF ITS
OBLIGATIONS HEREUNDER.

**(F)**   OTHER INSURANCE   IF OTHER COLLECTIBLE INSURANCE INCLUDING OTHER INSURANCE WITH THIS COMPANY IS AVAILABLE TO THE **INSURED** COVERING AN **OCCURRENCE** ALSO COVERED HEREUNDER (EXCEPT INSURANCE PURCHASED TO APPLY IN EXCESS OF THE SUM OF THE LIMIT OF LIABILITY HEREUNDER) THE INSURANCE HEREUNDER SHALL BE IN EXCESS OF AND NOT CONTRIBUTE WITH SUCH OTHER INSURANCE.

**(G)**   SUBROGATION   THE COMPANY SHALL BE SUBROGATED TO THE EXTENT OF ANY PAYMENT HEREUNDER TO ALL THE **INSURED'S** RIGHT OF RECOVERY THEREFORE; AND THE **INSURED** SHALL DO NOTHING AFTER AN **OCCURRENCE** TO JEOPARDIZE SUCH RIGHT OF RECOVERY. PROVIDED FURTHER THAT THE **INSURED** SHALL DO EVERYTHING REASONABLE TO SECURE SUCH RIGHTS.   ANY AMOUNT SO RECOVERED SHALL BE APPORTIONED AS FOLLOWS:

ANY INTEREST (INCLUDING THE **INSURED'S**) HAVING PAID AN AMOUNT IN EXCESS OF THE LIMIT OF LIABILITY HEREUNDER SHALL BE REIMBURSED FIRST TO THE EXTENT OF ACTUAL PAYMENT. THE COMPANY SHALL BE REIMBURSED NEXT TO THE EXTENT OF ITS ACTUAL PAYMENT HEREUNDER.   THE EXPENSES OF ALL SUCH RECOVERY PROCEEDINGS SHALL BE APPORTIONED IN THE RATIO OF RESPECTIVE RECOVERIES.   IF THERE IS NO RECOVERY IN PROCEEDINGS CONDUCTED SOLELY BY THE COMPANY, IT SHALL BEAR THE EXPENSES THEREOF.

**(H)**   CHANGES NOTICE TO OR KNOWLEDGE OF ANY AGENT OR OTHER PERSON SHALL NOT EFFECT A WAIVER OR CHANGE IN ANY PART OF THIS POLICY NOR STOP THE COMPANY FROM ASSERTING ANY RIGHT UNDER IT, NOR SHALL THE TERMS OF THIS POLICY BE WAIVED OR CHANGED EXCEPT BY ENDORSEMENT HEREON.

**(I)**   ASSIGNMENT OF INTEREST UNDER THIS POLICY SHALL NOT BIND THE COMPANY UNTIL ITS CONSENT IS ENDORSED HEREON.   IF, HOWEVER, THE **INSURED** SHALL DIE OR BE ADJUDGED BANKRUPT OR INSOLVENT WITHIN THE POLICY PERIOD, THIS POLICY, UNLESS CANCELED, SHALL COVER THE **INSURED'S** LEGAL REPRESENTATIVE FOR THE UNEXPIRED PORTION OF SUCH PERIOD.

Intel: Manuscript Policy
March 20, 1998

(J)   CANCELLATION THIS POLICY MAY BE CANCELED BY THE **FIRST NAMED INSURED** BY SURRENDER THEREOF TO THE COMPANY OR ANY OF ITS WRITTEN AUTHORIZED AGENTS, OR BY MAILING TO THE COMPANY WRITTEN NOTICE STATING WHEN THEREAFTER SUCH CANCELLATION SHALL BE EFFECTIVE.   THIS POLICY MAY BE CANCELED BY THE COMPANY BY MAILING TO THE **FIRST NAMED INSURED** AT THE ADDRESS SHOWN IN THIS POLICY WRITTEN NOTICE STATING WHEN NOT LESS THAN NINETY (90) DAYS FOR ANY REASON OTHER THAN NONPAYMENT OF PREMIUMS OR TEN (10) DAYS FOR NONPAYMENT OF PREMIUM THEREAFTER, SUCH CANCELLATION SHALL BE EFFECTIVE. THE MAILING OF NOTICE AS AFORESAID SHALL BE SUFFICIENT NOTICE AND THE EFFECTIVE DATE OF CANCELLATION STATED IN THE NOTICE SHALL BECOME THE END OF THE POLICY PERIOD. DELIVERY OF SUCH WRITTEN NOTICE EITHER BY THE **FIRST NAMED INSURED** OR BY THE COMPANY SHALL BE EQUIVALENT TO MAILING. IF THIS POLICY IS CANCELED, EARNED PREMIUM SHALL BE COMPUTED PRO RATA. PREMIUM ADJUSTMENT MAY BE MADE AT THE TIME CANCELLATION IS EFFECTED OR AS SOON AS PRACTICABLE THEREAFTER. THE CHECK OF THE COMPANY OR ITS REPRESENTATIVE, MAILED OR DELIVERED, SHALL BE SUFFICIENT TENDER OF ANY REFUND DUE THE **FIRST NAMED INSURED.**

IF THIS POLICY INSURES MORE THAN ONE **INSURED,** CANCELLATION MAY BE EFFECTED BY THE **FIRST NAMED INSURED** FOR THE ACCOUNT OF ALL **INSUREDS**; AND NOTICE OF CANCELLATION BY THE COMPANY TO SUCH **FIRST NAMED INSURED** SHALL BE NOTICE TO ALL **INSUREDS.** PAYMENT OF ANY UNEARNED PREMIUM TO SUCH **FIRST NAMED INSURED** SHALL BE FOR THE ACCOUNT OF ALL INTERESTS THEREIN.

(K)   INDEX AND HEADINGS THE INDEX AND THE SECTION, PARAGRAPH AND SUBPARAGRAPH HEADINGS ARE FOR REFERENCE PURPOSES ONLY AND SHALL NOT IN ANY WAY AFFECT THE MEANING OR INTERPRETATION OF THIS POLICY.

(N)   DESIGNATED CLAIMS REPRESENTATIVE AT THE OPTION OF THE **FIRST NAMED INSURED,** THE COMPANY SHALL USE (INSERT NAME, ADDRESS TELEPHONE NUMBER AND PRINCIPAL CONTACT) AS TO RECIPIENT OF ANY INFORMATION AS REQUIRED FROM THE INSURED PURSUANT TO CONDITION C AND CONDITION D OF THIS POLICY.

Intel: Manuscript Policy
March 20, 1998

THE COMPANY'S PRESIDENT AND SECRETARY HAVE SIGNED THIS POLICY. THIS POLICY IS NOT VALID UNLESS IT IS COMPLETED BY ATTACHMENT OF A DECLARATIONS PAGE SIGNED BY OUR DULY AUTHORIZED REPRESENTATIVE.

Intel: Manuscript Policy
March 20, 1998

## ENDORSEMENT FORM NO. 1

## POLLUTION EXCLUSION

IT IS AGREED BETWEEN THE COMPANY AND THE **NAMED INSURED** THAT THE FOLLOWING EXCLUSION IS ADDED AND MADE A PART OF THIS POLICY:

THIS POLICY DOES NOT COVER:

(1)    (a)    ANY LIABILITY FOR **BODILY INJURY, PERSONAL INJURY, PROPERTY DAMAGE, PROFESSIONAL LIABILITY, SOFTWARE PRODUCTS LIABILITY** OR **ADVERTISING LIABILITY** ARISING OUT OF THE DISCHARGE OR **POLLUTANTS** INTO OR UPON LAND OR REAL ESTATE, THE ATMOSPHERE, OR ANY WATERCOURSE OR BODY OF WATER WHETHER ABOVE OR BELOW GROUND OR OTHERWISE INTO THE ENVIRONMENT; OR

    (b)    LIABILITY, LOSS, COST OR EXPENSE OF ANY **INSURED** OR OTHERS ARISING OUT OF ANY DIRECTION OR REQUEST WHETHER GOVERNMENTAL OR OTHERWISE, THAT ANY INSURED OR OTHERS TEST FOR, MONITOR, CLEAN UP, REMOVE, CONTAIN, TREAT, DETOXIFY OR NEUTRALIZE **POLLUTANTS**.

THIS EXCLUSION APPLIES WHETHER OR NOT SUCH **DISCHARGE** OF SUCH **POLLUTANTS**:

    (i)    RESULTS FROM THE **INSURED'S** ACTIVITIES OR THE ACTIVITIES OF ANY OTHER PERSON OR ENTITY;

    (ii)    IS SUDDEN, GRADUAL, ACCIDENTAL, UNEXPECTED OR UNINTENDED; OR

    (iii)    ARISES OUT OF OR RELATES TO INDUSTRIAL OPERATIONS OR THE WASTE OR BY-PRODUCTS THEREOF.

(2)    PARAGRAPH (1) ABOVE DOES NOT APPLY TO:

    (a)    **PRODUCT POLLUTION LIABILITY**; OR

    (b)    LIABILITY OF THE **INSURED** FOR **BODILY INJURY, PERSONAL INJURY** OR **PROPERTY DAMAGE** CAUSED BY **DISCHARGE** OF **POLLUTANTS** WHICH IS NOT EXPECTED OR INTENDED AND WHICH RESULTS SOLELY FROM A **COVERED POLLUTION PERIL**

    (c)    (i)    LIABILITY OF THE **INSURED** FOR **BODILY INJURY, PERSONAL INJURY**, OR **PROPERTY DAMAGE** CAUSED BY AN INTENTIONAL **DISCHARGE** OF **POLLUTANTS** SOLELY FOR THE PURPOSE OF MITIGATING OR AVOIDING **PERSONAL INJURY, BODILY INJURY** OR **PROPERTY DAMAGE** ; OR

       (ii)    LIABILITY OF THE **INSURED** FOR **BODILY INJURY, PERSONAL INJURY** OR **PROPERTY DAMAGE** CAUSED BY A **DISCHARGE** OF **POLLUTANTS** WHICH IS NOT EXPECTED OR INTENDED AND NOT DESCRIBED IN PARAGRAPHS (2)(a) or 2(b) ABOVE, BUT ONLY IF THE **INSURED** BECOMES AWARE OF THE COMMENCEMENT OF SUCH **DISCHARGE** WITHIN SEVEN (7) DAYS OF SUCH COMMENCEMENT;

PROVIDED THAT THE **INSURED** GIVES THE COMPANY WRITTEN NOTICE IN ACCORDANCE WITH CONDITION D OF THIS POLICY OF SUCH COMMENCEMENT OF THE **DISCHARGE** UNDER SUBPARAGRAPHS (2) (c) (i) OR (ii) OF THIS EXCLUSION WITHIN FORTY (40) DAYS OF SUCH COMMENCEMENT. SUCH NOTICE MUST BE PROVIDED IRRESPECTIVE OF WHETHER NOTICE AS SOON AS PRACTICABLE OTHERWISE WOULD BE REQUIRED PURSUANT TO CONDITION D OF THIS POLICY.

DEFINITIONS APPLICABLE TO THIS EXCLUSION:

**COVERED POLLUTION PERIL**

**COVERED POLLUTION PERIL** MEANS:

HOSTILE FIRE, EXPLOSION, LIGHTNING, WINDSTORM, EARTHQUAKE, FLOOD, THE COLLISION OF AN AIRCRAFT WITH A BUILDING, ANOTHER GROUND-BASED FIXED STRUCTURE OR WATERCRAFT OR THE UPSET, OVERTURN OR COLLISION OF AN AUTOMOBILE OR RAIL VEHICLE.

## DISCHARGE

**DISCHARGE** MEANS

DISCHARGE, EMISSION, DISPERSAL, MIGRATION, RELEASE OR ESCAPE (OR ANY SERIES OF SUCH OF A SIMILAR NATURE AT THE SAME SITE) BUT DOES NOT INCLUDE ANY DISCHARGE, EMISSION, DISPERSAL, MIGRATION, RELEASE OR ESCAPE TO THE EXTENT THAT THE POLLUTANTS INVOLVED REMAIN CONFINED WITHIN THE BUILDING OR OTHER MAN-MADE STRUCTURE IN WHICH THEY INITIALLY WERE LOCATED.

## POLLUTANTS

**POLLUTANTS** MEANS:

ANY SOLID, LIQUID, GASEOUS OR THERMAL IRRITANT, CONTAMINANT OR TOXIC OR HAZARDOUS SUBSTANCE OR ANY SUBSTANCE WHICH MAY, DOES, OR IS ALLEGED TO AFFECT ADVERSELY THE ENVIRONMENT, PROPERTY, PERSONS OR ANIMALS, INCLUDING SMOKE, VAPOR, SOOT, FUMES, ACIDS, ALKALIS, CHEMICALS AND WASTE.

## PRODUCT POLLUTION LIABILITY

**PRODUCT POLLUTION LIABILITY** MEANS:

LIABILITY OR ALLEGED LIABILITY FOR **BODILY INJURY, PERSONAL INJURY OR PROPERTY DAMAGE** ARISING OUT OF THE **PRODUCTS HAZARD**.

## WASTE

**WASTE** MEANS:

ALL WASTE AND INCLUDES WITHOUT LIMITATION, MATERIALS TO BE DISCARDED, STORED, PENDING FINAL DISPOSAL, RECYCLED, RECONDITIONED OR RECLAIMED.

Intel: Manuscript Policy
March 20, 1998

## ENDORSEMENT #2 : LIMITED CANCELLATION ENDORSEMENT FORM

IT IS HEREBY AGREED BY AND BETWEEN THE **FIRST NAMED INSURED** AND THE COMPANY THAT SECTION VII - PARAGRAPH J (CANCELLATION) IS DELETED AND REPLACED WITH THE FOLLOWING:

THIS POLICY MAY NOT BE CANCELED BY THE COMPANY OR THE **FIRST NAMED INSURED** DURING THE POLICY PERIOD UNLESS:

(1)   THE **NAMED INSURED** SHALL CONSOLIDATE WITH OR MERGE INTO, OR SELL ALL OR SUBSTANTIALLY ALL OF  ITS ASSETS TO, ANY PERSON OR ENTITY OR GROUP OF PERSONS AND/OR ENTITIES ACTING IN CONCERT;

(2)   ANY PERSON OR ENTITY OR GROUP OF PERSONS AND/OR ENTITIES ACTING IN CONCERT SHALL ACQUIRE AN AMOUNT OF THE OUTSTANDING SECURITIES REPRESENTING MORE THAN 50% OF THE VOTING POWER FOR THE ELECTION OF DIRECTORS OF THE **NAMED INSURED**, OR ACQUIRES THE VOTING RIGHTS OF SUCH AN AMOUNT OF SUCH SECURITIES;

(3)   BY MUTUAL AGREEMENT OF THE PARTIES;

(4)   THERE HAS BEEN A BREACH OF CONTRACT BY EITHER PARTY;  OR

(5)   THE **NAMED INSURED** HAS NOT PAID ANY PREMIUM WHEN DUE.

# Named Insured Endorsement Form

*This endorsement changes the policy. Please read it carefully.*

**This endorsement modifies insurance provided under the following:**

Commercial Umbrella Policy

It is agreed that on the Commercial Umbrella Policy Declarations, Item **1.**, **Named Insured & Address** is completed to read as follows:

> Intel Corporation and any of its subsidiaries or allied or affiliated companies and interest as now or hereafter constituted and any joint venture and/or limited partnership and/or Limited Liability Company, but only as respects Intel's interest in the joint venture and/or limited partnership, and/or Limited Liability Company.

*This endorsement is part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.*

Must be completed always:

Endorsement Number:     **3**
Policy Number:          HFL 004-27-84-98

Winterthur Int'l America Ins. Co.

Complete only when this endorsement is not prepared with the policy or is not to be effective with the policy:

Issued to:
Effective Date of this Endorsement:

Countersigned by _____
                        Authorized Representative

Intel Corporation

# General Change Endorsement

***This endorsement changes the policy. Please read it carefully.***

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

It is agreed that the following endorsements are added to the policy as per the attached:

1.    Three Year Premium Adjustment Endorsement

2.    Installment Endorsement

_____
Signature of Authorized Representative

Endorsement Number:    4                                          Effective Date:      4/1/98
Policy Number:              HFL 004-27-84-98

Winterthur International America Insurance Company

_____

Intel Corporation

# Three Year Premium Adjustment Endorsement

***This endorsement changes the policy. Please read it carefully.***

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

The annual premium is guaranteed during the policy period unless:

A.  Worldwide sales increase more than 25% per annum of the reported worldwide sales of US$ 27,500,000,000.

B.  Any material increase in exposures (products manufactured, acquisitions or divestitures, etc.) occurs in the description of operations as listed on the declarations page.

C.  The Domestic and/or Foreign underlying programs, scheduled within the policy, exceed a "total loss" of 50% of the underlying limits of liability. "Total loss" is defined as payments, reserves and expenses.

Signature of Authorized Representative

Endorsement Number:      5                          Effective Date:      4/1/98
Policy Number:           HFL 004-27-84-98

Winterthur International America Insurance Company

Intel Corporation

# Installment Endorsement

***This endorsement changes the policy. Please read it carefully.***

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

It is agreed that the policy premium for the period of 4/1/98 to 4/1/01 shall be due and payable as follows:

| Due Date | Amount Due |
|---|---|
| 4/1/98 | $ 310,250.00 |
| 4/1/99 | $      TBD |
| 4/1/00 | $      TBD |

_____
Signature of Authorized Representative

Endorsement Number:    6                              Effective Date:        4/1/98
Policy Number:        HFL 004-27-84-98

Winterthur International America Insurance Company

HF IL 20 (8-97)

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

In consideration of no change in premium, it is agreed that **SECTION V - RETAINED LIMIT** of the policy is deleted and replaced with the following:

**V.**      **RETAINED LIMIT**

    **(A)**      THE COMPANY'S LIABILITY SHALL BE ONLY FOR THE **ULTIMATE NET LOSS** IN EXCESS OF THE **INSURED'S** RETAINED LIMIT WHICH IS DEFINED AS:

        **(1)**      THE UNDERLYING POLICY AS DESCRIBED **ON SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE**, ITEM **(C) EMPLOYERS LIABILITY** AS RESPECTS EMPLOYERS LIABILITY; OR

        **(2)**      THE SELF-INSURED RETAINED AMOUNT AS STATED IN THE DECLARATIONS AS THE RESULT OF ALL **OCCURRENCES** OTHER THAN THOSE DESCRIBED IN PARAGRAPH (A)(1) ABOVE HAPPENING DURING THE POLICY PERIOD OF THIS POLICY,

        TO BE SATISFIED BY PAYMENTS FROM ANY SOURCE, WHICH SHALL BE BORNE BY THE **INSURED**, SEPARATELY AS RESPECTS EACH **ANNUAL PERIOD** OF THIS POLICY.

    **(B)**      THE **INSURED** MAY INSURE ANY OR PART OF OR ALL OF THE RETAINED LIMIT INDICATED ABOVE OR TAKE ADVANTAGE OF ANY OTHER INSURANCE AVAILABLE TO IT WITHOUT PREJUDICE TO OR INVALIDATION OF COVERAGE UNDER THIS POLICY. IF ANY SUCH INSURANCE IS LESS THAN THE **INSURED'S** RETAINED LIMIT, THEN THE INSURED WILL MAKE UP THE DIFFERENCE.

*Bruce Jimenez*

---

Signature of Authorized Representative

Endorsement Number:     7                                    Effective Date:     4-1-98
Policy Number:          HFL 004-27-84-98

Winterthur International America Insurance Company

---

Intel Corporation

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

In consideration of no change in premium, it is agreed that **Schedule A - Schedule of Underlying Insurance** is deleted in its entirety and replaced with the attached.

_Bruce Jimersy_

_____

Signature of Authorized Representative

Endorsement Number:    8                              Effective Date:        7-1-98
Policy Number:         HFL 004-27-84-98

Winterthur International America Insurance Company

Intel Corporation

# Schedule A - Schedule of Underlying Insurance - Revised

**Policy Number:**   HFL 004-27-84-98

| Type of Policy | Applicable Limits | Insurer | Policy Number Policy Period |
|---|---|---|---|
| **(A) Automobile Liability** | Bodily Injury and Property Damage Combined Single Limit | | |
| Policy Type and Symbol | | | |
| X  Bus. Auto<br>___  Garage<br>___  Truckers | | | |
| | $  5,000,000  Each Accident<br>$  5,000,000  Aggregate | Cigna Insurance Co. | SCAH0695792-4<br>4/1/98 - 99 |
| **(B) General Liability** | Bodily Injury and Property Damage Combined Single Limit<br><br>$   5,000,000    Each Occurrence<br>$   5,000,000    Aggregate When Applicable | Indemnity Ins. Co. of N. America | CGOG1807212<br>4/1/98 - 99 |
| **(C) Employers Liability** | Coverage B - Employers Liability<br>Bodily Injury by Accident<br>$  1,000,000    Each Accident<br>Bodily Injury By Disease<br>$  1,000,000    Policy Limit<br>Bodily Injury By Disease<br>$  1,000,000    Each Employee | Wausau | 231900056717<br>7/1/98 - 99 |
| **(D) Excess Employers Liability (for self-insured states)** | Bodily Injury by Accident<br>$  1,000,000    Each Accident<br>Bodily Injury By Disease<br>$ 1,000,000    Policy Limit<br>Bodily Injury By Disease<br>$ 1,000,000    Each Employee | Zurich American Insurance Group | EWS 8210081-01<br>7/1/98 - 99 |
| **(E) Foreign DIC** | $   5,000,000    Each Occurrence Limit<br><br>$   5,000,000    Aggregate | Ins. Co. of the State of PA | 0800263337 |

*[handwritten note near top:] Missng Zurich as underlying re #1 MIL EL cover for self-insured states. To fix, Add to EL list [initials] 11/16/98*

*[handwritten note at bottom left:] Ent #10: ER retention #10 M/occ. 10 M/ags.*

Intel Corporation

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

It is agreed that the 2nd installment on Endorsement #6 is amended to read $310,250.

It is further agreed that in consideration of an additional premium of $47,750, Employment-Related Practices Liability is added to the policy with a Retroactive Date of July 8, 1998, as per the attached wording.

_Bruce Jimenez_

Signature of Authorized Representative

Endorsement Number:     9
Policy Number:          HFL 004-27-84-98

Effective Date:     4-1-99

Winterthur International America Insurance Company

Intel Corporation

Encl#10

# EMPLOYMENT-RELATED PRACTICES LIABILITY ENDORSEMENT

## Claims-Made – Ultimate Net Loss – Defense in the Limit of Liability

## Policy No. HFL 004-27-84-98

It is agreed between the Company and the Named Insured that the following insuring agreement is added and made a part of this policy:

Insuring Agreement

**I.    COVERAGE**

The Company agrees to pay on behalf of the Insured the Ultimate Net Loss in excess of the Retained Limit hereinafter stated, which the Insured may sustain by reason of the liability imposed upon the Insured by law for Employment Injury.

2.    This insurance applies to Employment Injury only if:

a.    The offense out of which the Employment Injury arose did not commence before the Retroactive Date, if any, shown in the declarations or after the end of the policy period; and

b.    A "claim" because of the Employment Injury is first made against any Insured, in accordance with Paragraph 3, below, during the policy period or the SECTION VI - EXTENDED REPORTING PERIOD, if provided.

3.    A "claim" will be deemed to have been made at the earlier of the following times:

a.    When notice of such "claim" is received by any insured and reported to us in writing; or

b.    When a "claim" against an insured is made directly to us in writing.

A "claim" received by the insured during the policy period and reported to us within 30 days after the end of the policy period will be considered to have been reported within the policy period. However, this 30-day grace period does not apply to "claims" that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such "claims."

B.    Exclusions

Section VII, Exclusions are deleted as to Employment Injury only and replaced with the following:

The coverage provided under this endorsement does not apply to:

1.    Criminal, Fraudulent or Malicious Acts

An Insured's liability arising out of criminal, fraudulent or malicious acts or omissions by that Insured, or arising out of that Insured's knowing acquiescence or failure to act, or instruction, direction, or approval given to another concerning such acts or omissions.

This exclusion does not affect our obligation to pay Allocated Claims Expenses for an Insured prior to determining, through the appropriate legal processes, that that Insured is responsible for a criminal, fraudulent or malicious act or omission or has instructed, directed or provided approval for another concerning such acts or omissions.

2.    Contractual Liability

Employment Injury for which the insured is obligated to pay damages by reason of the Assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages that the Insured would have in the absence of the contract or agreement.

3.    Workers' Compensation and Similar Laws

Any obligation of the Insured under a Workers' Compensation, Disability Benefits or Unemployment Compensation law or any similar law.

4.    Americans with Disabilities Act

Employment Injury arising out of your failure to comply with any of the accommodations for the disabled required of you by, or any expenses incurred as the result of modifications made to accommodate any person pursuant to, the Americans With Disabilities Act, or any amendments thereto, or any similar state or local statutes, rules or regulations to the extent that they prescribe responsibilities or duties concerning the same acts or omissions.

5.    Violation of Laws Applicable to Employers

A violation of your responsibilities or duties required by any other federal, state or local statutes, rules or regulations, and any rules or regulations promulgated therefor or amendments thereto, except for the following: Title VII of the Civil Rights Act of 1964 and amendments thereto, the Age Discrimination in Employment Act, the Equal Pay Act, the Pregnancy Discrimination Act of 1978, the Immigration Reform Control Act of 1986 and the Family and Medical Leave Act of 1993 or any other similar state or local statutes, rules of regulations tot he extent that they prescribe responsibilities or duties concerning the same acts or omissions.

6.    Strikes and Lockouts

Employment Injury to any striking or locked-out "employee", or to an "employee" who has been temporarily or permanently replaced due to any labor dispute.

7.    Sexual Harassment

Liability of that Insured who commits a "sexual harassment" offense.

This exclusion does not affect our obligation to pay Allocated Claims Expenses for that insured prior to determining, through the appropriate legal processes, that that insured has committed a "sexual harassment" offense, other than an assault or battery.

8.    Employment Termination or Relocation Due to Business Decisions

Employment Injury arising out of termination of employment, job relocation or reassignment, if the action is taken because:

a.    You have filed for bankruptcy protection or you are placed in receivership or liquidation;

b.    You have merged with or been acquired by another business entity;

c.    You have closed a business location; or

d.    Your business location is partly closed or the size of an operation must be reduced because of fire or other natural disasters beyond your control.

9.      Intentional Injury

Liability of that Insured who commits an act of intentional "employment discrimination" or coercion.

This exclusion does not affect our obligation to pay Allocated Claims Expenses for that Insured prior to determining, through the appropriate legal processes, whether that insured committed such act.

10.     Retaliatory Actions

Liability arising out of an insured's retaliatory action against a person because the person has:

a.      Declined to perform an illegal or unethical act;

b.      Filed a complaint with a governmental authority or a "suit" against you or any other insured in which damages are claimed;

c.      Testified against you or any other insured at a legal proceeding; or

d.      Notified a proper authority of any aspect of your business operation which is illegal.

## SECTION VI - EXTENDED REPORTING PERIOD

A.      You will have the right to purchase an Extended Reporting Period from us if:

1.      This Coverage Part is cancelled or not renewed for any reason; or

2.      We renew or replace this Coverage Part with Insurance that:

a.      Has a Retroactive Date later than the date shown in the Declarations of this Coverage Part; or

b.      Does not apply to Employment Injury on a claims-made basis.

B.      An Extended reporting Period, as specified in Paragraph A. above, lasts three years and is available only by endorsement and for an additional charge.

C.      The Extended Reporting Period starts with the end of the policy period.  It does not extend the policy period or change the scope of coverage provided.  It applies only to "claims" to which the following applies:

1.    The "claim" is first made during the Extended Reporting Period;

2.    The Employment Injury occurs before the end of the policy period; and

3.    The offense out of which the Employment Injury arose did not commence before the Retroactive Date, if any.

D.    You must give us a written request for the Extended Reporting Period Endorsement within thirty (30) days after the end of the policy period or the effective date of cancellation, whichever comes first.

E.    The Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due and any premium or co-payment you owe us for coverage provided under this policy.  Once in effect, the Extended Reporting Period may not be cancelled.

F.    We will determine the additional premium in accordance with our rules and rates.  In doing so, we may take into account the following:

1.    The exposures Insured;

2.    Previous types and amounts of insurance;

3.    Limit of insurance available under this policy for future payment of damages; and

4.    Other related factors.

The additional premium will not exceed 200% of the annual premium for this policy.

G.    When the Extended Reporting Period Endorsement is in effect, we will provide a Supplemental Limit of Insurance for any "claim" first made during the Extended Reporting Period.

The Supplemental Limit of Insurance will be equal to the dollar amount shown in the Declarations in effect at the end of the policy period.

Paragraph B. of SECTION III - LIMIT OF INSURANCE will be amended accordingly.


## SECTION VII – DEFINITIONS

The following definitions are added Section III, Definitions as to Employment Injury only:

A.    "Claim" means a "suit" or demand made by or for the injured person for damages because of alleged Employment Injury

D.   "Employment Discrimination" means violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition, or any other protected class or characteristic established by any federal, state or local statutes, rule or regulations.

E.   "Employee" includes a "leased worker", regular full- or part-time employee and a "temporary worker."

F.   "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

G.   "Employment injury" means injury to a person arising out of one or more of the following offenses:

   1.   Refusal to employ the person, termination of the person's employment, demotion or failure to promote, negative evaluation, reassignment, discipline, defamation or humiliation of the person, based on "employment discrimination" directed at that person;

   2.   Coercing that person to commit an unlawful act or omission within the scope of that person's employment;

   3.   Work-related "sexual harassment", or

   4.   Other work-related verbal, physical, mental or emotional abuse directed at the person with respect to that person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition, or any other protected class or characteristic established by any federal, state or local statutes, rules or regulations.

H.   "Leased workers' means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business.  "Leased worker" does not include a "temporary worker."

I.   "Sexual harassment" means unwelcome sexual advances, requests for sexual favors, or other verbal, visual or physical conduct of a sexual nature when such conduct:

   1.   Is linked with a decision affecting an individual's employment;

   2.   Interferes with an individual's job performance;

   3.   Creates an intimidating, hostile or offensive working environment for an individual; or

   4.   Is alleged in any proceeding in federal or state court.

J.   "Suit" means a civil proceeding in which damages because of Employment Injury to which this insurance applies are alleged, including:

1.   An arbitration proceeding in which such damages are claimed and to which the Insured must submit or does submit with our consent;

2.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits with our consent; or

3.   Any administrative proceeding or hearing conducted by a governmental agency (federal, state or local) having the proper legal authority over the matter in which such damages ore claimed.

K.   "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

_____
Signature of Authorized Representative

Endorsement Number:     10
Policy Number:          HFL 004-27-84-98

Retroactive Date:    7-8-98
Effective Date:      4-1-99

H:\RMG\GBL\E-Q\INT\DOC\EPL2.DOC – 12/11/98

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

It is agreed that the 3rd installment on Endorsement #6 is amended to read:
$356,000 (Non-ERPL - US$310,250; ERPL - $45,750 ERPL).

*A.B. for Employment Practices Liab.
See e-mail note of 3/1/98.*

---

*Bruce Sinclair*

Signature of Authorized Representative

Endorsement Number:    11                    Effective Date:    4-1-2000
Policy Number:         HFL 004-27-84-98

Winterthur International America Insurance Company

---

Intel Corporation

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

In consideration of no change in premium, it is agreed that Item (2) of Endorsement 1, Pollution Exclusion, last paragraph is deleted and replaced with the following wording:

Provided that the insured gives the company written notice in accordance with **Condition C** of this policy of such commencement of the discharge under **Subparagraphs (2) (c) (i) or (ii)** of this Exclusion but within forty (40) days of the manager of the first Named Insured's Risk Management Department having knowledge of such commencement. Such notice must be provided irrespective of whether notice as soon as practicable otherwise would be required pursuant to **Condition C** of this policy.

Signature of Authorized Representative

Endorsement Number:    12
Policy Number:    HFL 004-27-84-98

Effective Date:    4-1-98

Winterthur International America Insurance Company

Intel Corporation

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

As respects Schedule A , Schedule of Underlying Insurance, it is agreed that the underlying limits, as reflected under (B) General Liability and (E) Foreign DIC are $5,000,000 each occurrence/$5,000,000 aggregate.

It is further agreed that the Errors & Omissions (worldwide) retention is $10,000,000 each occurrence/$10,000,000 aggregate.

_____

Signature of Authorized Representative

Endorsement Number:    13                              Effective Date:    4-1-1999
Policy Number:          HFL 004-27-84-98

Winterthur International America Insurance Company

Intel Corporation

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

It is agreed that Item III, Definitions, Paragraph (J) is amended to read "Software Products and Other Computer Services Liability".

It is further agreed that Item III, Definitions, Subparagraph (J1) is deleted and replaced by the following:

Other Computer Services means:

All electronic data processing services, including, but not limited to, website design, hosting and support software consulting, analysis or design.

Signature of Authorized Representative

| | |
|---|---|
| Endorsement Number: | 14 |
| Policy Number: | HFL 004-27-84-98 |

Effective Date:    4-1-99

Winterthur International America Insurance Company

Intel Corporation

**Kwidzinski, Kenneth J**

| | |
|---|---|
| **From:** | Kwidzinski, Kenneth J |
| **Sent:** | Monday, April 05, 2004 3:31 PM |
| **To:** | Stephanie Guaiumi (stephanie.guaiumi@marsh.com) |
| **Subject:** | Winterthur Policy HFL004-27-84-98 |

Stephanie per your call I'll just note our file that a numbering error is the reason for the missing End #15 for Winterthur International America Insurance Company HFL004-27-84-98

Ken Kwidzinski
Risk Management
Phone: 408-765-1287; Fax: 408-765-1101

4/5/2004

# General Change Endorsement

**This endorsement changes the policy. Please read it carefully.**

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

In consideration of no change in premium, it is agreed that the following is added to the **Schedule A - Schedule of Underlying Insurance to current CGL Schedule**.

**(B)**    **General Liability  (Relative to Wrap-Up Liability Coverage)**

National Union Fire Insurance Company
Policy Number: BE 701 94 75
Policy Period: 12-31-1999 to 12-31-2002
Policy Limit: US$48,000,000 each occurrence/$76,000,000 Annual Aggregate

    **Excess of**

Argonaut Insurance Company
Policy Number: WC-12-618-902001
Policy Period: 12-31-99 until cancelled
Policy Limit: US$2,000,000 each occurrence/US$2,000,000 annual aggregate

Signature of Authorized Representative

| | | Effective Date: | 06-05-00 |
|---|---|---|---|
| Endorsement Number: | 16 | | |
| Policy Number: | HFL 004-27-84-98 | | |

Winterthur International America Insurance Company

Intel Corporation

# General Change Endorsement

*This endorsement changes the policy. Please read it carefully.*

This endorsement modifies insurance provided under the following:

Commercial Umbrella Policy

In consideration of no change in premium, it is agreed that the following is added to the **Schedule A - Schedule of Underlying Insurance:**

**(E)    Aviation**

> Carrier:  Associated Aviation Underwriters
> Policy #:  SP 408714
> Policy Period:  4/1/00 to 4/1/03
> Limits:  $300,000,000 per occurrence

_Signature_

Signature of Authorized Representative

Endorsement Number:    17                                     Effective Date:    12-21-00
Policy Number:          HFL 004-27-84-98

Winterthur International America Insurance Company

Intel Corporation

# EXHIBIT B



EXECUTIVE OFFICES:
70 Pine Street
New York, New York 10270

# THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

A CAPITAL STOCK COMPANY INCORPORATED 1794

*Philadelphia, Pa.*

Renews _____ NEW _____

Policy Number ____ 4798-2252 ____

## DECLARATIONS

**NAMED INSURED:** INTEL CORPORATION, ET AL
(AS PER ENDORSEMENT NUMBER 1)

**ADDRESS:** 2200 MISSION COLLEGE BOULEVARD
P.O. BOX 58119, MAIL STOP SC4-212
SANTA CLARA, CALIFORNIA 95052-8119

**POLICY PERIOD:** APRIL 1, 1998  TO  APRIL 1, 2001 12:01 A.M. STANDARD TIME AT
THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

**COVERAGE:** FOLLOW FORM EXCESS LIABILITY

**LIMIT OF LIABILITY:** $25,000,000. EACH OCCURRENCE/ANNUAL AGGREGATE, WHERE APPLICABLE,
EXCESS OF
$10,000,000. EACH OCCURRENCE/ANNUAL AGGREGATE, WHERE APPLICABLE,
EXCESS OF UNDERLYING INSURANCE

**PREMIUM:** $187,500.  MINIMUM & DEPOSIT
$ 46,875.  MINIMUM EARNED

**RATE:** FLAT

**UNDERLYING POLICY(IES) NO.:** TBD

**ISSUED BY:** WINTERTHUR SWISS GROUP

IN WITNESS WHEREOF, the Company has caused this policy to be signed by its President and Secretary
at New York, New York and countersigned by a duly authorized representative of the Company.

Secretary

President

Countersigned by: _____
Authorized Representative

MAY 6, 1998
FT/TC/1b

## EXCESS LIABILITY POLICY

# THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

### (Hereinafter called the Company)

Agrees with the named Insured, in consideration of the payment of the premium and subject to all of the terms of this Policy, as follows:

As respects accidents or occurrences, whichever is applicable, taking place during the period of the Policy, the Company agrees to afford the Insured such additional insurance as the issuers of the Underlying Coverage specified in the schedule would afford the Insured by increasing the underlying limit combined provided that it is expressly agreed that liability shall attach to the Company:

(a) only after the issuers of the Underlying Coverage have paid or have been held liable to pay the full amount of the said underlying limit, and

(b) only as respects such additional amounts in excess thereof as would be payable by the issuers of the Underlying Coverage if the said underlying limit were amended as aforesaid, and

(c) in no greater amount than the limit(s) set forth under the Declarations ultimate net loss as respects each accident or occurrence, whichever is applicable, taking place during the period of this policy-Subject to the limit(s) set forth under the Declarations ultimate net loss in the aggregate where applicable for each annual period during the currency of this Policy.

### DEFINITIONS

1. **Ultimate Net Loss.** The words "ultimate net loss" shall be understood to mean the amount payable in settlement of the liability of the Insured after making deductions for all recoveries for other valid and collectible insurances, excepting however the policy(ies) of the Primary Insured(s) and shall exclude all expenses and Costs.

2. **Costs.** The word "costs" shall be understood to mean interest accruing after entry of judgement, investigation, adjustment and legal expenses (excluding, however, all office expenses of the Insured, all expenses for salaried employees of the Insured, and general retainer fees for counsel normally paid by the Insured).

### CONDITIONS

1. **MAINTENANCE OF UNDERLYING INSURANCE.** It is a condition of this Policy that the Underlying Coverage be maintained in full effect during the period of this Policy except for the reduction of the aggregate limits contained therein solely by payment of claims for accidents or occurrences, whichever is applicable, which take place during the period of this Policy. If the Underlying Coverage is terminated during the period of the Policy the effective date of termination of the said Underlying Coverage shall be the end of the period of this Policy.

   This Policy is subject to the same warranties, terms and conditions (except as otherwise provided herein) as are contained in or as may be added to the Underlying Coverage prior to the happening of an accident or occurrence, whichever is applicable, for which claim is made hereunder. It is further understood and agreed that any changes made in the Underlying Policy will automatically be covered under this Policy from the time such changes take effect in the said underlying Policy provided, however, that any material change be reported to the Company within thirty (30) days of such change. Such changes may be reported to the Company c/o C.V. Starr & Co., Three Embarcadero Center, San Francisco, Ca. 94111.

2. **PREMIUM.** The Insured shall pay premium to the Company as specified in the schedule.

   If the Insured terminates this Policy, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company terminates this Policy, earned premium shall be computed pro rata.

3. **NOTIFICATION OF CLAIMS:** The Insured upon knowledge of any accident or occurrence likely to give rise to a claim hereunder shall give immediate written notice thereof to the Company. Such notice may be reported to the Company c/o C.V. Starr & Co., Three Embarcadero Center, San Francisco, Ca. 94111.

4. **ASSISTANCE AND COOPERATION.** The Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but the Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves or appears reasonably likely to involve the Company, in which event the Insured and the Company shall cooperate in all things in the defense of such claim, suit or proceeding.

5. **CANCELLATION.** This Policy may be cancelled by the Insured by mailing to the Company written notice stating when such cancellation shall be effective. This Policy may be cancelled by the Company by mailing to the Insured at the address shown in this policy written notice stating when not less than thirty (30) days thereafter such cancellation shall be effective, except for non-payment of any premium, the Company shall provide ten (10) days notice in the event of cancellation. The mailing of notice as aforesaid shall be sufficient

proof of notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or by this Company shall be equivalent to mailing.

### EXCLUSIONS

This Policy shall not apply:

1. to personal injury or property damage

   (I) with respect to which an Insured under the Policy is also an Insured under a Nuclear Energy Liability Policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such Policy but for its termination upon exhaustion of its limit of liability; or

   (II) resulting from the hazardous properties of nuclear material and with respect to which

   (A) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof; or

   (B) the Insured is, or had this Policy not been issued, would be entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization; or

   (III) resulting from the hazardous properties of nuclear material, if

   (A) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (2) has been discharged or dispersed therefrom; or

   (B) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

   (C) the injury, sickness, disease, death or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this subparagraph (C) applies only to injury to or destruction of property at such a nuclear facility.

As used herein "hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or by-product material; "source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under subparagraph (A) or (B) thereof; "nuclear facility" means

   (A) any nuclear reactor,

   (B) any equipment or device designed or used for (1) separating the isotopes uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

   (C) any equipment or device used for the processing, fabrication or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

   (D) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material; with respect to injury to or destruction of property, the words "injury" or "destruction" include all forms of radioactive contamination of property; or

   (IV) with respect to liability arising outside the United States of America, its territories or possessions, Puerto Rico or the Canal Zone, to any liability of whatsoever nature directly or indirectly caused by, or contributed to by or arising from ionising radiations or contamination by radioactive from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

2. To any claim based upon the Insured's failure to comply with federal "Employee Retirement Income Security Act of 1974", or any amendment thereto.

*In Witness Whereof,* the Company has caused this Policy to be executed and attested; but this Policy shall not be valid unless countersigned on this Declarations page by a duly authorized representative of the Company

**SCHEDULE OF UNDERLYING INSURANCE**

| Type of Policy or Coverage | Limits of Liability |
|---|---|
| UMBRELLA LIABILITY<br>WINTERTHUR SWISS GROUP<br>POLICY NO.: TO BE DETERMINED<br>POLICY PERIOD: APRIL 1, 1998 TO<br>APRIL 1, 2001 | $10,000,000. EACH OCCURRENCE /<br>ANNUAL AGGREGATE,<br>WHERE APPLICABLE, EXCESS<br>OF UNDERLYING INSURANCE |

Attached to and forming part of No.    4798-2252

Effective Date:    APRIL 1,1998

Issued to:    INTEL CORPORATION, ET AL

Dated:    MAY 6, 1998
FT/TC

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

C.V. STARR & CO.
Underwriting Managers

By

**ENDORSEMENT NO. 1**

IT IS HEREBY AGREED THAT THE NAMED INSURED IS COMPLETED TO READ AS FOLLOWS:

INTEL CORPORATION AND/OR ANY OF ITS SUBSIDIARIES AND/OR ALLIED AND/OR AFFILIATED COMPANIES AND/OR LIMITED COMPANIES AND INTERESTS AS NOW OR HERE CONSTITUTED, AND ANY JOINT VENTURES AS RESPECTS ONLY INTEL'S INTEREST IN THE JOINT VENTURE.

All other terms and conditions remain unchanged

Effective date of this endorsement is:  APRIL 1, 1998

Attached and forming part of No.    4798-2252

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

Issued to:  INTEL CORPORATION, ET AL

C.V. STARR & CO.
Underwriting Managers

Dated:    MAY 6, 1998                ENDT. #1              By

ENDORSEMENT NO. 2

## ANNUAL INSTALLMENT ENDORSEMENT

IT IS AGREED THAT THE FOLLOWING TWO INSTALLMENTS ARE DUE ON:

APRIL 1, 1999   -   $187,500.

APRIL 1, 2000   -   $187,500.

All other terms and conditions remain unchanged

Effective date of this endorsement is:  APRIL 1, 1998

Attached and forming part of No.    4798-2252

Issued to:  INTEL CORPORATION, ET AL

**THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA**

**C.V. STARR & CO.**
**Underwriting Managers**

Dated:    MAY 6, 1998          ENDT. #2          By _William J. Underhill_

## ENDORSEMENT NO. 3

### AMENDMENT OF DEFINITION

IT IS AGREED THAT DEFINITION 1. **ULTIMATE NET LOSS** IN EXCESS LIABILITY POLICY FORM 44382 (8/86) IS AMENDED TO READ:

1. **ULTIMATE NET LOSS.** THE WORDS **ULTIMATE NET LOSS** SHALL BE UNDERSTOOD TO MEAN THE AMOUNT PAYABLE IN SETTLEMENT OF THE LIABILITY FOR THE INSURED AFTER MAKING DEDUCTIONS FOR ALL RECOVERIES FOR OTHER VALID AND COLLECTIBLE INSURANCE, EXCEPTING HOWEVER THE POLICY(IES) OF THE PRIMARY INSURER(S), AND SHALL EXCLUDE ALL COSTS, WHICH ARE PAID BY THE COMPANY IN ADDITION TO THE **ULTIMATE NET LOSS.**

All other terms and conditions remain unchanged

Effective date of this endorsement is:  APRIL 1, 1998

Attached to and forming part of No.    4798-2252

Issued to:   INTEL CORPORATION, ET AL

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

**C.V. STARR & CO.**
**Underwriting Managers**

Dated:    MAY 6, 1998                    ENDT. #3        By

ENDORSEMENT NO. 4

## NOTICE OF OCCURRENCE

IT IS AGREED THAT CONDITION #3 OF FORM 44382 (8/86) (NOTIFICATION OF CLAIMS) IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

WHENEVER THE INSURED HAS INFORMATION FROM WHICH THE INSURED MAY REASONABLY CONCLUDE THAT AN OCCURRENCE COVERED HEREUNDER INVOLVES INJURIES OR DAMAGES, WHICH, IN THE EVENT THAT THE INSURED SHOULD BE HELD LIABLE, IS LIKELY TO INVOLVE THIS POLICY, NOTICE SHALL BE SENT TO:

C.V. STARR CLAIMS, NY
70 PINE ST., 8TH FLOOR
NEW YORK, NY 10270

AS SOON AS PRACTICABLE, PROVIDED, HOWEVER, THAT FAILURE TO GIVE NOTICE OF ANY OCCURRENCE WHICH, AT THE TIME OF ITS HAPPENING, DID NOT APPEAR TO INVOLVE THIS POLICY BUT WHICH, AT A LATER DATE, WOULD APPEAR TO GIVE RISE TO CLAIMS HEREUNDER, SHALL NOT PREJUDICE SUCH CLAIMS.

All other terms and conditions remain unchanged

Effective date of this endorsement is:   APRIL 1, 1998

Attached to any forming part of No.    4798-2252

Issued to:   INTEL CORPORATION, ET AL

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

C.V. STARR & CO.
Underwriting Managers

Dated:    MAY 6, 1998          ENDT. #4          By _William J. Werhli_

## ENDORSEMENT NO. 5

### RIGHTS OF SUBROGATION

IN THE EVENT OF ANY PAYMENT UNDER THIS POLICY, THE COMPANY MAY PARTICIPATE WITH THE INSURED IN THE EXERCISE OF ALL THE INSURED'S RIGHTS OF RECOVERY AGAINST ANY PERSON OR ORGANIZATION LIABLE THEREFOR.

All other terms and conditions remain unchanged

Effective date of this endorsement is: APRIL 1, 1998

Attached to and forming part of No.    4798-2252

Issued to:  INTEL CORPORATION, ET AL

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

**C.V. STARR & CO.**
**Underwriting Managers**

Dated:    MAY 6, 1998          ENDT. #5          By _William J. Wkinhof_

ENDORSEMENT NO 6

## INTEL CASUALTY FORM – 1998 /1999

## **Following Form Endorsement**

EFFECTIVE DATE: **APRIL 1, 1998**

IT IS AGREED THAT THIS POLICY IS FOLLOWING THE
EXACT TERMS AND CONDITIONS OF THE *WINTERTHUR
INSURANCE COMPANY* POLICY NUMBER *TO BE DETERMINED*
EXCEPT WITH RESPECT TO THE :

LIMITS OF LIABILITY:

PREMIUM:

AND, ANY COVERAGE MODIFICATION ENDORSEMENTS
ATTACHED HERETO:

ALL PREPRINTED TERMS AND CONDITIONS OF *FORM  44382 (8/86)*
ARE DELETED TO THE EXTENT THAT THEY VARY FROM OR ARE
INCONSISTENT WITH THE TERMS AND CONDITIONS OF THE
*WINTERTHUR INSURANCE COMPANY* POLICY NUMBER.

**All other terms and conditions remain unchanged.**

**Effective date of this endorsement is:**          APRIL 1, 1998

**THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA**

**Attached to and forming part of Policy No.**     4798-2252

**Issued to:**   INTEL CORPORATION, ET AL

**C.V. STARR & COMPANY
UNDERWRITING MANAGERS**

BY:

**Dated:**     MAY 6,1998          ENDT. NO. 6

**FT/tc**

**ENDORSEMENT NO. 7**

## SCHEDULE OF UNDERLYING INSURANCE

IT IS HEREBY AGREED THAT SCHEDULE OF UNDERLYING INSURANCE ISSUED ON MAY 6, 1998 IS DELETED AND REPLACED BY THE FOLLOWING:

| Type of Policy or Coverage | Limits of Liability | |
|---|---|---|
| UMBRELLA LIABILITY<br>WINTERTHUR SWISS GROUP<br>POLICY NO.: HFL004-27-84-98<br>POLICY PERIOD: APRIL 1, 1998 TO<br>APRIL 1, 2001 | $10,000,000. | EACH OCCURRENCE/<br>ANNUAL AGGREGATE,<br>WHERE APPLICABLE, EXCESS<br>OF UNDERLYING INSURANCE |

All other terms and conditions remain unchanged

Effective date of this endorsement is:  APRIL 1, 1998

Attached to and forming part of No.    4798-2252

Issued to:   INTEL CORPORATION, ET AL

**THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA**

**C.V. STARR & CO.
Underwriting Managers**

Dated:    OCTOBER 8, 1998        ENDT. #7
FT/TC/lb

By _William J. Wedehof_

**ENDORSEMENT NO. 8**

AMENDMENT OF DEFINITION

IT IS AGREED ENDORSEMENT NUMBER 3 IS DELETED IN IT'S ENTIRETY AND
REPLACED BY THE FOLLOWING:

IT IS AGREED THAT DEFINITION 1. ULTIMATE NET LOSS IN EXCESS LIABILITY POLICY
FORM 44382 (8/86) IS AMENDED TO READ:

    1.    ULTIMATE NET LOSS.  THE WORDS "ULTIMATE NET LOSS" SHALL BE
        UNDERSTOOD TO MEAN THE AMOUNT PAYABLE IN SETTLEMENT OF THE
        LIABILITY OF THE INSURED AFTER MAKING DEDUCTIONS FOR ALL
        RECOVERIES FOR OTHER VALID AND COLLECTIBLE INSURANCES,
        EXCEPTING HOWEVER THE POLICY(IES) OF THE PRIMARY INSURER(S),
        AND SHALL INCLUDE ALL COSTS.

All other terms and conditions remain unchanged

Effective date of this endorsement is:    APRIL 1, 1998

Attached to and forming part of No.    4798-2252

Issued to:    INTEL CORPORATION, ET AL

Dated:    FEBRUARY 1, 1999

By: _____

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

C.V. STARR & CO.
Underwriting Managers

FT/VC/lb

**ENDORSEMENT NO. 8**

**ENDORSEMENT NO. 9**

INSTALLMENT ENDORSEMENT

THE 2ND INSTALLMENT OF $187,500.00 FOR THE POLICY PERIOD OF APRIL 1, 1999 TO APRIL 1, 2000 IS DUE AND PAYABLE ON APRIL 1, 1999.

    PREMIUM: $187,500.  MINIMUM & DEPOSIT
              $ 46,875.  MINIMUM EARNED

All other terms and conditions remain unchanged

Effective date of this endorsement is:   APRIL 1, 1999

Attached to and forming part of No.   4798-2252

Issued to:   INTEL CORPORATION, ET AL

Dated:   MARCH 22, 1999
        FT/lb

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

**C.V. STARR & CO.**
**Underwriting Managers**

By: _____

**ENDORSEMENT NO. 9**

ENDORSEMENT NO. 10

## INSTALLMENT ENDORSEMENT

THE INSTALLMENT FOR THE POLICY PERIOD OF APRIL 1, 2000 TO APRIL 1, 2001 IS DUE AND PAYABLE ON APRIL 1, 2000.

PREMIUM: $187,500.00

MINIMUM EARNED: $46,875.00

All other terms and conditions remain unchanged

Effective date of this endorsement is:  APRIL 1, 2000

Attached to and forming part of No.    4798-2252

Issued to:    INTEL CORPORATION, ET AL

Dated:      APRIL 20, 2000
FT/lb

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA

C.V. STARR & CO.
Underwriting Managers

By: _William J. Underhill_

ENDORSEMENT NO. 10

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
ELECTRONIC FILING - WWW.SCEFILING.ORG

c/o Glotrans
2915 McClure Street
Oakland, CA 94609
TEL: (510) 208-4775
FAX: (510) 465-7348
EMAIL: Info@Glotrans.com

**E-FILED**

Jul 1, 2008 4:07 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-08-CV-116396 Filing #G-9502
By G. Duarte, Deputy

# THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| INTEL CORPORATION, a Delaware corporation, Plaintiff, | Intel Corporation v. The Insurance Company of the State of Pennsylvania |
| Plaintiff, | Lead Case No.1-08-CV-116396 |
| vs. | Hon. Joseph H. Huber |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; and DOES 1 through 100, inclusive, Defendants. | |
| Defendant. | **PROOF OF SERVICE** |
| AND RELATED ACTIONS | **Electronic Proof of Service** |

I am employed in the County of Alameda, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2915 McClure Street, Oakland, CA 94609.

The documents described on page 2 of this Electronic Proof of Service were submitted via the worldwide web on Tue. July 1, 2008 at 3:29 PM PDT and served by electronic mail notification.

I have reviewed the Court's Order Concerning Electronic Filing and Service of Pleading Documents and am readily familiar with the contents of said Order. Under the terms of said Order, I certify the above-described document's electronic service in the following manner:

The document was electronically filed on the Court's website, http://www.scefiling.org, on Tue. July 1, 2008 at 3:29 PM PDT

Upon approval of the document by the Court, an electronic mail message was transmitted to all parties on the electronic service list maintained for this case. The message identified the document and provided instructions for accessing the document on the worldwide web.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 1, 2008 at Oakland, California.

Dated: July 1, 2008

For WWW.SCEFILING.ORG

Andy Jamieson

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

1

**THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**ELECTRONIC FILING SYSTEM - WWW.SCEFILING.ORG**

2

**Electronic Proof of Service**
**Page 2**

3

**Document(s) submitted by Lester O. Brown of Howrey LLP on Tue. July 1, 2008 at 3:29 PM PDT**

1. Complex Complaint: Intel Corporation's Complaint for: Declaratory Relief; Breach of Contract

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Lester O. Brown, (SBN 160828)<br>Fiona A. Chaney (SBN 227725)<br>HOWREY LLP<br>550 South Hope Street, Suite 1100, Los Angeles, CA 90071<br>TELEPHONE NO.: 213-892-1800     FAX NO.: 213-892-2300<br>ATTORNEY FOR *(Name)*:   INTEL CORPORATION | **E-FILED**<br>Jul 1, 2008 4:07 PM<br>KIRI TORRE<br>Chief Executive Officer<br>Superior Court of CA, County of Santa Clara<br>Case #1-08-CV-116396 Filing #G-9502<br>By G. Duarte, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Santa Clara**
STREET ADDRESS: **191 N. First Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Jose, CA 95113**
BRANCH NAME:

CASE NAME: Intel Corporation v. The Insurance Company of the State of Pennsylvania

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>1-08-CV-116396 |
|---|---|---|---|---|
| ☒ Unlimited<br>Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE:<br><br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigatio (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☒ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is  ☐ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☒ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* 5

5. This case ☐ is  ☒ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 1, 2008

Lester O. Brown
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only     Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | American Legal Net, Inc.<br>www.USCourtForms.com | Cal. Rules of Court, rules 201.8, 1800-1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lester O. Brown (SBN 160828) Fiona A. Chaney (SBN 227725)
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
 TELEPHONE NO.: **(213) 892-1800**    FAX NO. *(Optional):*
 E-MAIL ADDRESS *(Optional):* brownl@howrey.com; chaneyf@howrey.com
 ATTORNEY FOR *(Name):* Plaintiff Intel Corporation

**E-FILED**
Jul 1, 2008 4:07 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-08-CV-116396 Filing #G-9502
By G. Duarte, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
 STREET ADDRESS: 191 N. First Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Jose, CA 95113
 BRANCH NAME:

PLAINTIFF/PETITIONER: Intel Corporation

DEFENDANT/RESPONDENT: The Insurance Company of the State of Pennsylvania

**NOTICE OF RELATED CASE**

CASE NUMBER:
1-08-CV-116396

JUDICIAL OFFICER:

DEPT.:

---

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Skold v. Intel Corporation, et al
   b. Case number: 1-05-CV-039231
   c. Court: ☒  same as above
      ☐  other state or federal court *(name and address):*
   d. Department: 17C
   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
   f. Filing date: March 2004, transferred to Dept. 17c on Apil 13, 2005
   g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☐  involves the same parties and is based on the same or similar claims.
      ☒  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact. (insurance coverage action for the SKOLD claims)
      ☐  involves claims against, title to, possession of, or damages to the same property.
      ☐  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐  Additional explanation is attached in attachment 1h
   i. Status of case:
      ☒  pending
      ☐  dismissed ☐ with ☐ without prejudice
      ☐  disposed of by judgment

2. a. Title: Intel v. XL Insurance America, Inc.
   b. Case number: 1-06-CV-061620
   c. Court: ☒  same as above
      ☐  other state or federal court *(name and address):*
   d. Department: 17C

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

**CM-015**

| PLAINTIFF/PETITIONER:  Intel Corporation | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Insurance Company of the State of Pennsylvania | 1-08-CV-116396 |

2. *(continued)*

   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: April 12, 2006

   g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

   ☐ involves the same parties and is based on the same or similar claims.

   ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

   ☒ pending

   ☐ dismissed ☐ with ☐ without prejudice

   ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

   ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

   ☐ involves the same parties and is based on the same or similar claims.

   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

   ☐ pending

   ☐ dismissed ☐ with ☐ without prejudice

   ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: July 1, 2008

Lester O. Brown
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

American LegalNet, Inc.
www.FormsWorkflow.com

E-FILED: Jul 1, 2008 4:07 PM, Superior Court of CA, County of Santa Clara, Case #1-08-CV-116396 Filing #G-9502

**CM-015**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | 1-08-CV-116396 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:

      City:

      State and zip code:

   c. Name of person served:

      Street address:

      City:

      State and zip code:

   b. Name of person served:

      Street address:

      City:

      State and zip code:

   d. Name of person served:

      Street address:

      City:

      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____    _____
(TYPE OR PRINT NAME OF DECLARANT)         (SIGNATURE OF DECLARANT)

American LegalNet, Inc.
www.FormsWorkflow.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

# E-FILED

Jul 1, 2008 4:33 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-08-CV-116396 Filing #G-9508
By R. Walker, Deputy

TO:    FILE COPY

RE:        **Intel Corporation v. The Insurance Company of the State of Pennsylvania**
CASE NUMBER:    **1-08-CV-116396**

## NOTICE OF CASE MANAGEMENT CONFERENCE

A Case Management Conference for the above entitled case has been scheduled, and all parties are directed to appear in this court on:

| | | |
|---|---|---|
| **Date: November 21, 2008** | **At:  10:00 a.m.** | **In:  Department 8C** |
| Location:  Superior Court, 191 North First Street, San Jose, CA 95113. | | |

1.    You must electronically file and serve a completed "Case Management Conference Statement" (Judicial Council Form CM-110) at least fifteen (15) calendar days prior to the above scheduled conference.

2.    Counsel for each party and each self-represented party shall attend the conference and be fully prepared to participate effectively.

3.    Compliance with all Local Rules of Court is required.

4.    For further information, contact the Complex Civil Litigation Department, (408) 882-2286.

Date: July 1, 2008

/s/    Joseph H. Huber
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

1  KEVIN G. McCURDY (SBN 115083)
   MARY P. McCURDY (SBN 116812)
2  McCURDY & FULLER LLP
   4300 Bohannon Drive, Suite 240
3  Menlo Park, CA 94025
   Telephone:  (650) 618-3500
4  Facsimile:   (650) 618-3599

5  Attorneys for Defendant
   THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SANTA CLARA

10                       COMPLEX DIVISION

11

12  INTEL CORPORATION, a Delaware          CASE NO. 1-08-CV-116396
    corporation
13                                         **THE INSURANCE COMPANY OF THE**
              Plaintiff,                    **STATE OF PENNSYLVANIA'S**
14                                         **ANSWER TO INTEL**
                                           **CORPORATION'S COMPLAINT**
15       v.

16  THE INSURANCE COMPANY OF THE
    STATE OF PENNSYLVANIA, a Pennsylvania
17  Corporation; and DOES 1 through 100,
    inclusive,
18
              Defendant.
19

20       Pursuant to California Code of Civil Procedure §431.30, defendant The Insurance

21  Company of the State of Pennsylvania ("ICSOP") denies, generally and specifically, each and

22  every allegation contained in the complaint of plaintiff Intel Corporation ("plaintiff") and further

23  denies that plaintiff has sustained, or will sustain, damages or injuries in the sums alleged, or at all,

24  or that plaintiff is entitled to any of the relief sought in the complaint against ICSOP.  Furthermore,

25

26  ICSOP asserts the following affirmative defenses set forth below:

27

28  29182                          - 1 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

### FIRST AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's complaint fails to state facts sufficient to constitute a cause of action against ICSOP.

### SECOND AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions and other limitations in the insurance policy issued by ICSOP.

### FOURTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with, or perform the obligations required by the insurance policy issued by ICSOP.

### FIFTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, by California Insurance Code § 533 to the extent the damages, injuries, claims or losses alleged in plaintiff's complaint arise in whole or in part from plaintiff's willful or intentional conduct.

### SIXTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent primary and underlying excess insurance was not maintained in full force and effect during the effective period of the insurance policy issued by ICSOP.

### SEVENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent the insurance policy issued by ICSOP is excess of underlying policies of insurance, self-insured retentions and/or deductibles, and the full limits or amounts of said underlying policies of

29182

- 2 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

insurance, self-insured retentions, and/or deductibles, if any, have not been paid or exhausted.

### EIGHTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent that notice of said claims was not provided in the manner prescribed by the insurance policy issued by ICSOP and/or as required by law.

### NINTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent plaintiff failed to assist and/or cooperate with ICSOP as required by ICSOP's policy or as implied by law.

### TENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent ICSOP may be entitled to contribution, set-off, indemnification, apportionment, or other relief from plaintiff and/or from any other insurer.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff failed to mitigate, minimize, or avoid any damages allegedly sustained, any potential recovery against ICSOP must be reduced by the amount attributable to such failure.

### TWELFTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent that unreasonable and/or unnecessary costs were expended in defense or settlement of said claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent that plaintiff voluntarily paid, assumed and/or incurred expenses to defend/settle the underlying claims without ICSOP's consent.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA, 94025
(650) 618-3500

## FOURTEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent that any alleged offenses in the underlying claims did not occur during the effective period of the ICSOP policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, because any obligation to pay defense costs incurred by plaintiff is limited by the terms of the ICSOP policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, because no coverage is provided under the ICSOP' policy to the extent that any of the underlying claims involve damages, injuries, losses or offense(s) that occurred prior to or after the expiration of the ICSOP policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent plaintiff impaired ICSOP's rights of subrogation or contribution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that plaintiff's claims are barred, in whole or in part, to the extent that no actual, justiciable case or controversy exists between plaintiff and ICSOP, and/or to the extent that any dispute between plaintiff and ICSOP is not ripe for adjudication.

## NINETEENTH AFFIRMATIVE DEFENSE

ICSOP alleges that to the extent other valid and collectible insurance is available to cover losses also covered by the ICSOP policy, any coverage provided by the ICSOP policy, which coverage is specifically denied, shall be in excess of and shall not contribute with such other insurance.

29182

- 4 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

## TWENTIETH AFFIRMATIVE DEFENSE

ICSOP alleges that the causes of action set forth in the cross-complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, 343 and 361.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

ICSOP reserves the right to assert additional affirmative defenses as may be necessary once additional information becomes known.

WHEREFORE, ICSOP prays for judgment as follows:

1.      That plaintiff takes nothing by complaint;

2.      For costs of suit incurred herein; and

3.      For such other and further relief as the Court deems proper.

Dated: July 3, 2008                               McCURDY & FULLER LLP

                                                  _____
                                                  for KEVIN G. McCURDY
                                                  Attorneys for Defendant
                                                  THE INSURANCE COMPANY OF THE
                                                  STATE OF PENNSYLVANIA

29182                                    - 5 -

KEVIN G. McCURDY (SBN 115083)
MARY P. McCURDY (SBN 116812)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone:  (650) 618-3500
Facsimile:  (650) 618-3599

Attorneys for Defendant
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| INTEL CORPORATION, a Delaware Corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation, and DOES 1 through 100, inclusive<br><br>             Defendant. | CASE NO. 1-08-CV-116396<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 [DIVERSITY JURISDICTION]** |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD AND TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA:**

    PLEASE TAKE NOTICE that defendant The Insurance Company of the State of Pennsylvania ("ICSOP") has filed, in the United States District Court for the Northern District of California, a notice of removal of the above-captioned action pursuant to 28 U.S.C. §§ 1332 and 1441.  A copy of ICSOP's notice of removal is attached hereto as Exhibit A.  Said matter shall proceed hereafter in the United States District Court for the Northern District of California.

    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1441(e), the filing of the notice of removal, together with this notice, effects the removal of this complaint, and the above-captioned Court is requested to proceed no further unless and until the case is remanded to

29186.doc                                          - 1 -

*Left margin vertical text:* McCURDY & FULLER LLP / 4300 Bohannon Drive, Suite 240 / Menlo Park, CA 94025 / (650) 618-3500

1   the Superior Court.

2

3   Dated:  July 3, 2007                    McCURDY & FULLER LLP

4

5                                           By _____
                                            for KEVIN G. McCURDY
6                                           Attorneys for Defendant
                                            THE INSURANCE COMPANY OF THE
7                                           STATE OF PENNSYLVANIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

29186.doc

**PROOF OF SERVICE**
*Intel Corporation v. Insurance Company of the State of Pennsylvania*
**Superior Court of California, County of Santa Clara**
**1-08-CV-116396**

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**NOTICE OF REMOVAL OF STATE COURT ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 [DIVERSITY JURISDICTION]**

**PROOF OF SERVICE**

Addressed to the following recipients:

Lester O. Brown, Esq.
Fiona A. Chaney, Esq.
Howrey LLP
550 South Hope St., Suite 1100
Los Angeles, CA 90071
Fax: (213) 892-200
*(Attorneys for Plaintiff)*

_____ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

__X__ (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

__X__ (BY ELECTRONIC SUBMISSION) I caused such document to be submitted electronically to the Superior Court of Santa Clara County to be posted to the website with notice given to all parties that document was served.

_____ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

__X__ (State) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2008, at Menlo Park, California

_____
Lena S. Nielsen

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

29192

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Intel Corporation, a Delaware Corporation

## DEFENDANTS

Insurance Company of the State of Pennsylvania, a Pennsylvania Corporation

**(b)** County of Residence of First Listed Plaintiff State of Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant State of Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number:)

Lester O. Brown, Esq. and Fiona A. Chaney, Esq.
Howrey, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071 - Phone (213) 892-1800

Attorneys (If Known)

Kevin G. McCurdy, Esq. and Mary P. McCurdy, Esq.
McCurdy & Fuller
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025 - Phone (650) 618-3500

**03238**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 2 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. 1332

Brief description of cause:

Insurance Coverage dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE 7/3/08

SIGNATURE OF ATTORNEY OF RECORD