KEVIN G. McCURDY (SBN 115083)
MARY P. McCURDY (SBN 116812)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599

Attorneys for Defendant
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation, and DOES 1 through 100, inclusive<br><br>Defendant. | CASE NO. C08 03238 JF<br><br>**DEFENDANT THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S RESPONSE TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |

Pursuant to Local Rule 3-13(c), defendant The Insurance Company of the State of Pennsylvania ("ICSOP") responds to plaintiff Intel Corporation's ("Intel") notice of pendency of other action or proceeding. ICSOP opposes Intel's request that this matter be coordinated with an action entitled *Intel Corporation v. XL Insurance American, Inc.*, Santa Clara County Superior Court Case Number 1-06-CV-061620 ("XL Action").

Intel filed the XL Action on April 12, 2006 seeking coverage from one of its insurance carriers, XL Insurance America, Inc. ("XL"), for two class action lawsuits filed against Intel entitled *Barbara's Sales, Inc., et al. v. Intel Corporation, et al.*, Circuit Court of Madison County, Illinois Case Number 02-L-788 ("Barbara's Sales Action") and *Janet Skold, et al. v. Intel Corporation, et al.*, Santa Clara County Superior Court Case Number 1-05-CV-039231 ("Skold

Action").

Intel filed the instant action on July 1, 2008 in Santa Clara County Superior Court. Intel asserts causes of action for breach of contract and declaratory relief against ICSOP on the ground that ICSOP is obligated to defend and/or indemnify Intel for the Barbara's Sales Action and Skold Action under an ICSOP excess liability policy that was in effect from 1998 to 2001. The ICSOP policy at issue in this case is directly excess of the XL policy that is at issue in the XL Action.

Although the ICSOP policy is directly excess of the XL policy and follows form to that policy, Intel chose not to include ICSOP in the XL Action. Upon learning of the pendency of the XL Action, ICSOP contacted Intel's counsel and suggested that ICSOP should intervene in that action given that Intel had tendered defense and indemnity of the Barbara's Sales Action under the ICSOP policy. Intel's counsel requested that ICSOP not attempt intervention in the XL Action. ICSOP agreed to its policyholder's request.

On or about June 6, 2008, Intel's counsel advised ICSOP's counsel that Intel and XL had reached a settlement agreement regarding Intel's claims against XL. It is ICSOP's understanding the settlement will result in dismissal of the XL Action. On June 10, 2008, Intel's Risk Manager sent a letter to ICSOP advising ICSOP of Intel's settlement with XL.

There is no reason to "coordinate" this action with the XL Action. As Intel states in its notice, it has reached a settlement agreement in principal with XL. Intel states that the XL Action has yet to be dismissed. However, Intel does not suggest that the XL Action will continue once the settlement is finalized. XL is the only defendant in the action and thus, it appears obvious the action will be dismissed once settlement is finalized.

ICSOP has requested that Intel produce its settlement agreement with XL or that it provide ICSOP with the details of the settlement agreement with XL. Intel has refused ICSOP's request. Notably, Intel also does not advise this Court of any of the terms of the agreement, including whether the settlement agreement contemplates dismissal of the XL Action. This obviously would be a key fact in any decision to "coordinate" proceedings. However, absent representation by Intel to the contrary, the Court certainly may assume that the settlement agreement with XL

contemplates dismissal of the XL Action. Since the XL Action will be dismissed, there is nothing to coordinate.

In addition, Intel's current suggestion that the cases should be coordinated to "avoid conflicts, conserve resources and promote efficient determination of the action" is contrary to its prior conduct. Intel chose not to include ICSOP in the XL Action and requested that ICSOP not seek intervention in that action. Instead, Intel waited until it settled with XL and then filed a second, separate case in State court against ICSOP. The filing of two separate actions, two years apart, against insurers whose policies contain the same language is not consistent with a purported desire to "conserve resources and promote efficient determination of the action."[1]

Intel chose to first pursue XL and then file a separate action against ICSOP. ICSOP has properly removed this breach of contract action to this Court on the basis of diversity jurisdiction. The XL Action has settled and presumably will be dismissed shortly. Therefore, there is no basis for coordination.

Dated: July 7, 2007

McCURDY & FULLER LLP

By _____
KEVIN G. McCURDY
MARY P. McCURDY
Attorneys for Defendant
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA

---

[1] Intel also notes that the Skold Action is pending in Santa Clara County Superior Court. However, Intel does not suggest that action qualifies as an other action or proceeding under Local Rule 3-13. This case is an insurance coverage case. The Skold Action is purported class action against Intel arising out of alleged misrepresentations regarding Intel's Pentium 4 processors.

29377

- 3 -

**Defendant The Insurance Company Of The State Of Pennsylvania's Response To Notice Of Pendency Of Other Action Or Proceeding**