McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEL CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania Corporation, and DOES 1 through 100, inclusive<br><br>Defendant. | CASE NO.  C08 03238 JF<br><br>**STIPULATED PROTECTIVE ORDER**<br>AS MODIFIED BY THE COURT |

### STIPULATED PROTECTIVE ORDER

Plaintiff Intel Corporation ("Intel") and defendant The Insurance Company of the State of Pennsylvania ("ICSOP") (collectively referred to herein as the "Parties"), through their respective counsel, stipulate to the protective order set forth below.

The Court, having reviewed the stipulated protective order and the stipulation of the Parties, and good cause appearing therefore, hereby issues the following order:

1. During the course of this litigation, the Parties may be required to produce documents and information that contain sensitive, privileged, proprietary and/or confidential information.

2. Any Party may designate documents or information that contain ~~sensitive,~~ information for which protection is warranted under FRCP 26(c) ~~privileged, proprietary and/or confidential information~~ by designating that document or

29537                                              - 1 -
**Stipulated Protective Order**

DM_US:21415442_1

1  information as "CONFIDENTIAL PURSUANT TO COURT ORDER" or "CONFIDENTIAL."
2  Such designation shall be made, where practical, by marking each page of a document, each
3  separate part or component of a thing, or each separate item of information in a conspicuous
4  manner. If it is not practical to so mark the material itself, a container for, or a tag or other
5  document, such as a privilege log, shall mark or refer to the documents in a conspicuous manner as
6  "CONFIDENTIAL."

7      3. The inadvertent or unintentional disclosure by the producing Party of ~~sensitive,~~
8  ~~privileged, proprietary and/or confidential~~ "CONFIDENTIAL" information, either by way of document production or
9  deposition testimony, regardless of whether the information was so designated at the time of
10 disclosure, shall not be deemed a waiver, in whole or in part, of a Party's claim of confidentiality,
11 either as to the specific information disclosed or as to any other information relating thereto on the
12 same or related subject matter. Any such inadvertently or unintentionally disclosed information
13 not designated shall be so designated, by providing written notice to the other Party as soon as
14 reasonably possible after the producing Party becomes aware of the inadvertent or unintentional
15 disclosure.

16     4. Access to materials designated CONFIDENTIAL and to any portion of any
17 transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to
18 documents or information so designated shall be limited to:

19     a. Outside counsel of record for the Parties;
20     b. Persons regularly employed in the offices of such outside counsel actually
21         assisting such counsel in the preparation of this case;
22     c. Employees of the Parties whose access to the confidential information is
23         reasonably necessary for the prosecution or defense of this case;
24     d. Non-party experts or professional advisors or consultants retained by any
25         Party to assist in the prosecution or defense of this case;
26     e. Court reporters involved in transcribing depositions or other proceedings in
27         this case;

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

    f.    The Court and court officials involved with this case;

    g.    the trier(s) of facts;

    h.    As required by compulsory subpoena, order or process issued by a court or governmental body of competent jurisdiction; and

    i.    Outside vendors, such as copy services.

Individuals and organizations identified in paragraphs 4(c) – (e) above shall be required to first execute the Agreement to be Bound by Stipulated Protective Order, attached hereto as Exhibit A.

5.    Pursuant to Federal Rule of Court 26(c), any party to this Stipulation and Order seeking to file Confidential Information or documents paraphrasing or quoting such information with the Court shall follow the procedures set forth in this court's Civil Local Rule 79-5. ~~advise the clerk that such information or documents have been designated Confidential in accordance with this Stipulation and Order and shall request that the same be filed in the clerk's office in sealed envelopes or containers labeled with the title and docket number of this action, an indication of nature of the contents and the legend:~~

~~CONDITIONALLY UNDER SEAL~~

~~This envelope contains documents that are subject to a Stipulation and Order governing the use of confidential materials. Pursuant to Federal Rule of Court 26(c), the envelope shall not be opened nor the contents thereof displayed or revealed (other than to court personnel) except by order of the Court.~~

6.    Prior to the use of any Confidential Information at any hearing to be held in open court, counsel who desires to use such Confidential Information shall provide reasonable notice to opposing counsel for the other party to this Stipulation and Order and allow opposing counsel the opportunity to object to the disclosure of Confidential Information in open court.

7.    In the event that a Party is served with any subpoena, order or process seeking disclosure of material designated CONFIDENTIAL, that Party ("Responding Party') shall promptly give written notice to the other Party no later than 5 days after the Responding Party or its counsel first receives the subpoena, order or process. The Responding Party's notice to the

29537      - 3 -
**Stipulated Protective Order**

DM_US:21415442_1

1 other Party shall be addressed to counsel for the other Party and enclose a copy of the subpoena,
2 order or process. Upon receipt of proper notice from the Responding Party, the other Party may
3 object to the requested disclosure on the grounds of confidentiality or otherwise. If the Party
4 objecting to the requested disclosure is not the Responding Party, then the Responding Party shall
5 withhold production pending the result of such objection unless such withholding would result in a
6 violation of the subpoena, order or process seeking the documents. All expenses related to such
7 objection shall be incurred by the Party asserting the objection.

8. Nothing in this order shall be construed to prevent a Party to this action from opposing the designation of documents or information as CONFIDENTIAL. A Party opposing the designation of documents or information as CONFIDENTIAL shall serve a written objection, including a statement of the grounds for the objection, on the designating Party. The designating Party shall have 10 days following the receipt of the objection to withdraw its CONFIDENTIAL designation. If the CONFIDENTIAL designation is not withdrawn, the objecting Party may move the Court for an order removing the CONFIDENTIAL designation.

9. Each recipient of documents or information designated as CONFIDENTIAL shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

10. Except upon consent of the designating Party or upon order of the Court, any and all documents or information designated CONFIDENTIAL that are produced, served or otherwise made available by the designating Party to another Party during the course of this case, together with all reproductions, copies, abstracts, indices, or summaries of those documents or information, shall be used only for the prosecution, defense and/or settlement of this case and for no other purpose whatsoever.

11. If documents or information designated CONFIDENTIAL are disclosed to any person other than in the manner authorized by this order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other

29537
- 4 -
**Stipulated Protective Order**

DM_US:21415442_1

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  Party, and without prejudice to the rights and remedies of the designating Party, make every effort
2  to prevent further unauthorized disclosure on its own part or on the part of the recipient of such
3  documents or information.

4      12.    The production of invoices, bills and other documents relating to costs incurred by
5  Intel in defense of the *Janet Skold, et al v Intel Corporation, et al* and *Barbara's Sales, Inc. et al v.*
6  *Intel Corporation, et al* for which Intel could assert attorney-client privilege or work product
7  protection, shall not constitute a waiver of such privilege or protection with regard to non-parties
8  to this case, and shall not constitute a further waiver concerning any related or unrelated
9  documents or other matter protected by the attorney-client privilege or work product protection.

10      13.    Nothing in this order shall be construed to prevent any Party from seeking such
11  further provisions regarding confidentiality, as may be appropriate.

12      14.    Nothing in this order shall be construed as a waiver by a Party of any objections
13  that might be raised as to the admissibility at trial of any evidentiary materials.

14      15.    This order shall remain in effect after the final determination of this case, unless
15  otherwise ordered by the Court.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ////

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

16. Within six (6) months after completion of this action and any appeal thereof, and the expiration of any further right to appeal with no appeal having been taken, all documents containing Confidential Information and all copies thereof, except those which are in the custody of the Court or contained in ICSOP's claim file which must be retained, shall be returned to the producing party, or destroyed as certified by affidavit. With regard to any Confidential Information kept by ICSOP in its claim file, ICSOP will continue to comply with the requirements of this Stipulated Protective Order.

Dated: August 22, 2008

HOWREY LLP

By _____
LESTER O. BROWN
Attorneys for Plaintiff
INTEL CORPORATION

Dated: August 27, 2008

McCURDY & FULLER LLP

By _____
MARY P. McCURDY
Attorneys for Defendant
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA

Dated: 11/6, 2008

_____
HONORABLE ~~JEREMY FOGEL~~
PATRICIA V. TRUMBULL

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Intel Corporation, a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>The Insurance Company of the State of Pennsylvania, a Pennsylvania corporation; and DOES 1 through 100, inclusive,<br><br>        Defendant. | Case No. C08-03238-JF<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____ declare that my address is _____.

My current employer is _____.

My current occupation is _____.

    1.    I have received a copy of the Stipulated Protective Order in this Action. I have carefully read and understand the provisions of the Stipulated Protective Order.

    2.    I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this Action any Confidential information that is disclosed to me.

    3.    Promptly upon termination of this Action, I will return or destroy all Confidential materials that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorney for the Party by whom I am employed or retained, or who noticed my deposition.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

29537

- 1 -

**Agreement To Be Bound By Stipulated Protective Order**

DM_US:21415442_1

4. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   Signed: _____

29537

- 2 -

**Agreement To Be Bound By Stipulated Protective Order**

DM_US:21415442_1