1

2          **E-Filed 1/9/2008**

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN JOSE DIVISION**

11

| | |
|---|---|
| INTEL CORPORATION, | Case Number C 08-3238 JF (PVT) |
| Plaintiff, | ORDER[1] (1) GRANTING MOTION FOR CONTINUANCE IN PART; (2) GRANTING IN PART MOTION TO INTERVENE; AND (3) DEFERRING DETERMINATION OF MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA and DOES 1 through 100, | |
| Defendants. | [re: doc. nos. 24, 25, 44, 49, 85] |

        Plaintiff Intel Corporation ("Intel") moves for partial summary judgment that Defendant

Insurance Company of the State of Pennsylvania ("ICSOP") breached its duty to defend Intel in

two state court class actions.  After Intel filed its motion, ICSOP requested a continuance

pursuant to Fed. R. Civ. P. 56(f) on the ground that additional discovery is required to ascertain

the costs Intel incurred in the state court actions.  In addition, a second insurer of Intel, Markel

American Insurance Company ("Markel"), has filed a motion to intervene, seeking declaratory

relief because it believes that Intel will file a future suit against it based upon the same claims

now being asserted by Intel against ICSOP.  Markel also requests that the Court defer

---

[1] This disposition is not designated for publication in the official reports.

1    determination of Intel's motion for partial summary judgment to permit Markel to file a full

2    opposition.  For the reasons set forth below, ICSOP's motion for a continuance will be granted

3    and Markel's motion to intervene will be granted in part.  Substantive consideration of Intel's

4    motion for partial summary judgment will be deferred in order to provide both ICSOP and

5    Markel additional time to oppose the motion.

6                                              **I.  BACKGROUND**

7           In the underlying state court actions against Intel, the class plaintiffs alleged that Intel

8    engaged in false and misleading advertising with respect to the performance of its Pentium 4

9    processors.  The first action, entitled *Barbara's Sales, Inc., et al. v. Intel Corp., et al.*, No. 02-L-

10   788 (the "*Barbara's Sales* Action") was filed in Madison County, Illinois in June 2002.  The

11   third amended complaint in the *Barbara's Sales* Action alleged various claims for relief,

12   including unfair competition, and *inter alia* sought recovery under the California Consumers

13   Legal Remedies Act, Cal. Civil Code § 1750 *et seq*. ("CLRA"); the California Unfair Business

14   Practices Act, Cal Bus. & Prof. Code § 17200 *et seq*. ("UCL"); and the Illinois Consumer Fraud

15   and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.  On November 29, 2007, the

16   Illinois Supreme Court held that Illinois law applied to the claims at issue and that class

17   certification was improper because the generalized allegations set forth by the plaintiffs

18   amounted to "mere puffery" that was not actionable under applicable Illinois law.  *Barbara's*

19   *Sales v. Intel*, 227 Ill. 2d 45, 74 (2007).  On March 20, 2008, the *Barbara's Sales* Action was

20   dismissed with prejudice.

21          The second action, entitled *Janet Skold, et al. v. Intel Corp.*, No. RG 04145635 (the

22   "*Skold* Action"), was filed in the Alameda Superior Court in March 2004.  The allegations in the

23   *Skold* Action are similar to those in the *Barbara's Sales* Action.  In August 2006, a specific

24   damages claim was added to the *Skold* complaint, seeking recovery for violations of the CLRA,

25   UCL, and the California False Advertising Act (Cal. Bus. & Prof. Code § 17500).  The *Skold*

26   action still is ongoing.

27          In 2006, Intel sued XL Insurance America, Inc. ("XL"), the issuer of Intel's primary

28   litigation insurance policy (referred to herein as the "XL 00-01 Policy"), in the Santa Clara

                                                         2

Superior Court, alleging that XL breached its duty to defend Intel in the *Barbara's Sales* and *Skold* Actions.  The crux of the dispute between Intel and XL was the following provision in the XL 00-01 Policy, which applies to liabilities for claims related to "Advertising Liability."  This provision defines Advertising Liability as including:

> Injury arising out of offenses such as, but not limited to, libel, slander, defamation, infringement of copyright, title (including trademark) or slogan, piracy, unfair competition, idea misappropriation, (including trade secrets), breach of confidential information, electronic mail intercepts, misappropriation of the style of doing business (including website/homepage design), or invasion of rights of privacy committed, or alleged to have been committed, in any software, advertisement, promotion, publicity article, broadcast, or telecast.

Labrador Decl., Ex. B at § I.E.  The XL 00-01 Policy also contains various exclusions.  One of the exclusions applies to claims for advertising liability, as set forth below:

> This policy shall not apply:
>     ***
>     (C) Under Advertising Liability for:
>         (1) Breach of written contract;
>         (2) Incorrect description of any article or commodity; or
>         (3) Mistake in advertised price.

*Id.* at § VII.C(1)-(3).  After Intel and XL filed cross motions for summary judgment, the Alameda Superior Court held that XL had failed to establish that Intel had no potentially covered liability under the XL 00-01 Policy.  Subsequently, the parties settled for an amount equal to the full coverage limits of the XL 00-01 Policy.

    ICSOP is the issuer of one of Intel's excess insurance policies, entitled Follow Form Excess Liability Policy No. 4798-2252 (the "ICSOP Policy").  The ICSOP Policy requires ICSOP to defend Intel with respect to litigation costs in excess of the amount provided for in the XL 00-01 Policy.  As the ICSOP Policy is a "follow form" policy, it contains the same rights and duties contained in the XL 00-01 Policy.  Intel first notified ICSOP of the *Barbara's Sales* and *Skold* Actions in April 2004, but it did not notify ICSOP that its defense costs had accumulated to the attachment point of the ICSOP policy until December 2007.

    Markel is the issuer of another excess insurance policy for Intel (the "Markel Policy"),

Case No. C 08-3238 JF (PVT)
ORDER GRANTING MOTION FOR CONTINUANCE ETC.
(JFLC1)

1    which requires Markel to defend once costs exceed a threshold above that provided for by the

2    ICSOP Policy.  Markel alleges that in November 2007, Intel tendered the *Barbara's Sales* and

3    *Skold* Actions for coverage and requested that Markel sign a confidentiality agreement.  Markel

4    asserts that Intel has breached its duty to cooperate with Markel's investigation as to whether it

5    has a duty to defend Intel.

6                                                 **II.  DISCUSSION**

7              A.  Deferral of Motion for Partial Summary Judgment

8              Summary judgment should be granted only when there are no genuine issues of material

9    fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

10   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Intel argues that the Court should

11   rule on its motion for partial summary judgment now because Intel merely seeks a ruling as to

12   whether ICSOP breached its duty to defend.  In response, ICSOP contends not only that the

13   language of the policy exclusion bars Intel's request for reimbursement of defense costs but also

14   that ICSOP requires additional time to investigate whether the attachment point of the ICSOP

15   policy in fact has been reached.  Specifically, ICSOP alleges by affidavit that it has not been able

16   to determine whether Intel exhausted certain additional primary insurance policies held by Intel.

17   Absent such horizontal exhaustion, ICSOP would not have a duty to defend.  *See Cmty.*

18   *Redevelopment Agency v. Aetna Cas. & Surety Co.*, 50 Cal. App. 4th 329, 339 (1996) ("It is

19   settled under California law that an excess or secondary policy does not cover a loss, nor does

20   any duty to defend the insured arise, until all of the primary insurance has been exhausted.").

21   ICSOP also asserts that Intel's prior settlement with XL included funds allocated to costs

22   associated with litigation other than the *Barbara's Sales* and *Skold* Actions, casting further doubt

23   upon whether the attachment point of the ICSOP Policy has been reached.  Finally, ICSOP seeks

24   additional time to analyze expense forms that already have been produced by Intel.  The Court

25   concludes that the proper resolution of Intel's motion would be aided by providing ICSOP with

26   additional time to investigate the aforementioned issues.  *See State of Cal v. Campbell*, 138 F.3d

27   772, 779 (9th Cir. 1998) ("a district court should continue a summary judgment motion upon a

28   good faith showing by affidavit that the continuance is needed to obtain facts essential to

                                                          4

1   preclude summary judgment.").  At oral argument, counsel for ICSOP represented that a period

2   of ninety days would be sufficient to evaluate Intel's defense costs and the applicability of

3   additional insurance policies held by Intel.  Accordingly, ICSOP will be granted ninety days from

4   the date of this order to conduct further discovery.

5           B.  Intervention by Markel

6           In the Ninth Circuit, there are four requirements for intervention as of right under Fed. R.

7   Civ. P. 24(a)(2):  (1) the application for intervention must be timely; (2) the applicant must have

8   a "significantly protectable" interest relating to the property or transaction that is the subject of

9   the action; (3) the applicant must be so situated that disposition of the action may, as a practical

10  matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's

11  interest must be inadequately represented by the existing parties in the lawsuit.  *Nw. Forest Res.*

12  *Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).  Alternatively, a court may grant

13  permissive intervention under Rule 24(b) if there is an independent ground for jurisdiction, the

14  motion to intervene is timely, and a common question of law or fact exists.  *Southern Calif.*

15  *Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).  Even if the threshold requirements for

16  permissive intervention are met, a court has discretion to deny permissive intervention.  *Id.*

17          Intel argues that Markel has not satisfied the requirements for either permissive

18  intervention or intervention as of right because there is no realistic chance that the higher

19  coverage levels provided by the Markel Policy will be reached.  In other words, Intel's position is

20  that Markel's claims are not ripe and that accordingly the Court lacks jurisdiction to consider

21  Markel's request for declaratory relief.  Intel also argues that intervention as of right is

22  unavailable because Markel's desire to avoid an unfavorable ruling with respect to the meaning

23  of the policy provisions at issue is not a protectable interest within the meaning of Rule 24(a).

24  Intel contends that because different facts underlie the various defenses asserted by the two

25  insurers, permissive intervention will impair the efficient resolution of the dispute between Intel

26  and ICSOP.

27          In response, Markel asserts that the total damages sought by the plaintiffs in the *Skold*

28  Action, if proven, will reach the Markel Policy.  Markel also alleges that a duty to cooperate

5

1    arose once Intel tendered the *Skold* Action to Markel, and that Intel has breached that duty by not

2    cooperating with Markel's investigation to determine whether coverage in fact is appropriate.

3    Finally, Markel disputes whether the factual differences underlying each of the insurers'

4    respective defenses as to Intel's duty to cooperate are sufficiently significant that they would

5    impede judicial economy.

6          In an action for declaratory relief, a district court may exercise jurisdiction only over a

7    case or controversy that is ripe for review.  *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143

8    (9th Cir. 1994).  The Ninth Circuit has held that a district court may exercise jurisdiction over a

9    declaratory relief action filed by an insurer with respect to its duty to defend still-pending state

10   court litigation.  *Id*. at 144.  Thus, while the actual costs incurred by Intel may not have reached

11   an amount sufficient to trigger the Markel Policy, this fact by itself does not prevent the Court

12   from exercising jurisdiction.  *See id.  See also Employers Ins. of Wausau v. Fox Entm't Group,*

13   *Inc.*, 522 F.3d 271, 278 (2d Cir. 2008) ("That the liability may be contingent does not necessarily

14   defeat jurisdiction of a declaratory judgment action.").  Moreover, the fact that Intel has tendered

15   the *Barbara's Sales* and *Skold* Actions to Markel for coverage is inconsistent with Intel's

16   position that no case or controversy exists between Markel and Intel.  Nonetheless, the Court

17   agrees with Intel that Markel has not made an adequate showing to support intervention as of

18   right, and that Markel's desire to avoid unfavorable precedent with respect to the construction of

19   the policy provisions at issue is not a protectable interest under Rule 24(a)(2).  *See In re Estate of*

20   *Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 986-87 (9th Cir. 2008).

21         Instead, the Court concludes that permissive intervention is appropriate but should be

22   limited in scope.  "The district court's discretion, at least under Rule 24(b), to grant or deny an

23   application for permissive intervention includes discretion to limit intervention to particular

24   issues."  *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974).  Here, the proper

25   interpretation of the Advertising Liability provision and the various exclusions within the

26   insurance policies is an issue common to all of the disputes among the parties.  In contrast,

27   whether Intel has breached its duty to cooperate with Markel presents a separate question.  The

28   resolution of that question would require additional time and discovery.  Accordingly, Markel

6

1  will be permitted to intervene for the limited purpose of opposing Intel's motion for partial

2  summary adjudication that the policy provisions at issue impose a duty to defend the *Barbara's*

3  *Sales* and *Skold* Actions.  Such intervention will not create any additional delay in light of the

4  Court's decision to defer resolution of Intel's motion.[2]

5  **IV.  ORDER**

6        Good cause therefor appearing, IT IS HEREBY ORDERED that ICSOP's motion for a

7  continuance is GRANTED, and Markel's motion to intervene is GRANTED IN PART.[3]  ICSOP

8  shall have ninety (90) days from the date of this order to conduct additional discovery.  The

9  resolution of Intel's motion for partial summary judgment is deferred pending such discovery.

10  Any dispute over the nature or scope of discovery shall be referred to Magistrate Judge Trumbull.

11  Once the record has been developed sufficiently, the parties may file additional briefs and reserve

12  a hearing date for oral argument.

13

14  IT IS SO ORDERED.

15

16  DATED: January 9, 2009

17

18                      JEREMY FOGEL
                    United States District Judge

19

20

21

22

23      [2] Because intervention likely would result in issue preclusion between Markel and Intel as

24  to this particular issue, Markel may withdraw its motion to intervene and instead file an *amicus*
brief if it believes that it would be more prudent for it to present all of its claims and defenses

25  together or if it requires additional discovery to oppose Intel's motion for summary judgment.

26  Either of the two latter approaches should be pursued in a separate action against Intel.

27      [3] Markel also filed a separate motion for a continuance and for joinder in ICSOP's
opposition to Intel's motion for partial summary judgment.  This motion is denied as moot in

28  light of the instant order.

7

Case No. C 08-3238 JF (PVT)
ORDER GRANTING MOTION FOR CONTINUANCE ETC.
(JFLC1)

1   This Order has been served upon the following persons:

2   Howard M. Garfield      hgarfield@longlevit.com, chipc@longlevit.com, cratcliff@longlevit.com,
    jlocker@longlevit.com
3
    Kevin Grier McCurdy     kevin.mccurdy@mccurdylawyers.com,
4   danielle.torres@mccurdylawyers.com, lena.nielsen@mccurdylawyers.com,
    mary.mccurdy@mccurdylawyers.com
5
    Lester Owen Brown      brownl@howrey.com, chaneyf@howrey.com, dillardg@howrey.com,
6   hilliardb@howrey.com, kiyotokic@howrey.com, mcmahont@howrey.com

7   Mary P. McCurdy      mary.mccurdy@mccurdylawyers.com,
    danielle.torres@mccurdylawyers.com, lena.nielsen@mccurdylawyers.com
8
    Fiona Anne Chaney
9   Howrey LLP
    550 South Hope Street
10  Suite 1100
    Los Angeles, CA 90071
11
    Mary Plungy McCurdy
12  McCurdy & Fuller LLP
    4300 Bohannon Drive
13  Suite 240
    Menlo Park, CA 94025
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-3238 JF (PVT)
ORDER GRANTING MOTION FOR CONTINUANCE ETC.
(JFLC1)